Matthias, J.
The plaintiffs in error are in this ' court by virtue of Section 544, General Code, which provides that a final order of the Public Utilities Commission of the state may be reversed, vacated or modified by the Supreme Court on a petition in error, if upon consideration of the record the court is of the opinion that such order was unlawful and unreasonable.
The action of the Public Utilities Commission complained of is that it denied the application presented by the plaintiffs in error for an order requiring that a physical connection be made of the tracks of The Akron, Canton & Youngstown Railway Company and those of The Cleveland, Akron & Cincinnati Railway Company. The company last named refused to make or permit the connection of tracks sought by the former, whereupon the jurisdiction of the Public Utilities Commission was invoked under the provisions of the statute conferring upon it authority to act in such matters, particularly Section 614-42, General Code, which provides in substance that if any such road or .roads fail, neglect or refuse to make such connection, upon complaint of any party authorized by statute to file complaint, the commission shall proceed to hear and determine the same, and if upon hearing the commission shall find it is practicable and reasonably necessary to accommodate the public to connect such tracks and that when so con *364 nected, it will be practicable to transport over such road, cars without endangering the equipment, tracks or appliances of either company, then the commission shall make an order requiring such railroads to make connection, describing the terms and conditions, and apportion the cost thereof between the railroads.
It was argued in the presentation of this case that by force of the provisions of Section 522 and Section 8997, General Code, every steam railroad in this state has the absolute right to connect its tracks with the tracks of any railroad of the same gauge which it crosses or intersects, so as to admit the passage of cars from one road to another with facility, and that likewise an absolute duty devolves upon every steam railroad in the state to join in establishing and maintaining such connection of its tracks with the tracks' of each and every road of the same gauge which it crosses or intersects.
We are of the opinion, however, that a consideration of the provisions of the several sections of the statute having to do with the connection of tracks of railroad companies, and the interchange of traffic by them, does not warrant the conclusion that an absolúte right is thereby conferred upon one company to make or require such physical connection of its tracks with the tracks of any and every road of the same gauge which it crosses, but that its right so to do depends upon whether the proposed connection is practicable and reasonably necessary to accommodate the public.
The test of public necessity must be applied in every case, and an order requiring the connection *365 óf tracks is invalid unless the conditions disclosed meet that test. Wisconsin, M. & P. Rd. Co. v. Jacobson, 179 U. S., 287; Oregon Rd. & Nav. Co. v. Fairchild, 224 U. S., 510; Great Northern Ry. Co. v. Minnesota, 238 U. S., 340; and Seaboard Air Line Ry. Co. v. Georgia R. R. Com., 240 U. S, 324.
In the case last cited, which was decided in 1916, the supreme court of the United States, in upholding the order of the railroad commission of the state of Georgia, whereby it had required a physical connection of the tracks of two railroads, cited with approval the cases above referred to, and held:
“It is within the power of a State, acting through an administrative board, to require railroad companies to make physical track connections where public necessity exists .therefor.
“In determining whether such public necessity exists, just regard should be given on the one side to probably resulting advantages, and, on the other side, to the necessary expenses to be incurred.
“A finding of public necessity for a physical track connection cannot be supported by the mere declaration of the commission; there must be sufficient evidence to support it.”
It could not have been contemplated therefore that any of the statutes to which reference has been made, or any law of the state, should reqitire a railroad company, regardless of the existence of public necessity, to throw open its terminals and facilities and thereby transfer to another company valuable property rights. (Louisville & Nashville *366 Rd. Co. v. Central Stock Yards Co., 212 U. S., 132.) It is quite obvious that the purpose of the enactment of these statutes was to promote adequate, prompt and efficient transportation service, not in the interest or for the advantage of a railroad company, but for the advantage and benefit of the public.
The following statement of the court in The L. S. & M. S. Ry. Co. v. The C., S. & C. Ry. Co., 30 Ohio St., 604, 616, is quite pertinent here: “These roads are great public highways, and as such are amenable to such reasonable regulations, not inconsistent with vested rights of private property, as will promote that object.”
Hence regulatory statutes have been enacted whereby railroads and public utilities are required to conform their operations to- the necessities of the public, and in the several states various provisions have been made for the determination of the question of practicability and reasonable necessity for the proposed connection of the tracks of railroads. In this state jurisdiction over such matters has been conferred upon the Public Utilities Commission by statute, particularly Sections 524 and 614-42, General Code. It is essential, therefore, that before an order can be made by the commission, such as is sought in this proceeding, the commission shall find that the proposed connection of tracks is practicable and reasonably necessary to accommodate the public, and, unless the conditions and circumstances laid before the commission are such as to induce and warrant such a finding, an *367 order of the commission requiring the connection of the tracks of such railroads would be invalid.
In this casé the commission, after a full hearing, in which much evidence was adduced, .the locality visited and the conditions there investigated, found that considerations of public necessity did not require the connection of tracks as asked for by the complainants, and refused the order prayed for. This court has heretofore held that in proceedings of this character it will not substitute its judgment for that of an administrative board of the state whose finding and judgment is under review, and that before it will disturb an order of such board, made after a full hearing upon a matter within its province, it must appear from a consideration of the record that the action of the board was unlawful and unreasonable. The Hocking Valley Ry. Co. v. The Public Utilities Commission of Ohio et al., 92 Ohio St., 362.
In order to determine whether the action of the commission in refusing to order the track connection was unlawful and unreasonable, this court has fully and carefully examined the evidence and considered the same in accordance with the rule stated in Oregon Rd. & Nav. Co. v. Fairchild, supra, and adopted by this court in The Hocking Valley Ry. Co. v. The Public Utilities Commission of Ohio et al., 92 Ohio St., 9, which is that the court in reviewing such proceedings shall examine the evidence, not for the purpose óf passing upon conflicts in the testimony or of deciding upon bare questions of fact, but to determine whether what purports to be a finding upon questions of fact is so involved *368 with and dependent upon questions of law as to be in substance and effect a decision of the latter.
The question of public necessity must be determined in each case in the light of all the facts, and with a just regard to the advantage to be derived by the public and the expense to be incurred by the carrier, and upon a consideration of the evidence showing the places and persons interested, the volume of'business to be affected, the saving of time and expense to shippers as against the cost and loss to the carrier. (Oregon Rd. & Nav. Co. v. Fairchild, supra.) It is not enough that it be shown that a mere convenience would be furnished to a few individuals by the proposed change, but it must appear that material and substantial public benefit and advantage would result therefrom. The record discloses that the extent of territory affected by the proposed connection is quite circumscribed, the volume of business to be thereby served relatively small, and the saving of time and expense to shippers inconsiderable.
It is not necessary and would not be profitable to incorporate in this opinion a recital or discussion in detail of the evidence shown by the record. It is sufficient to say that it supports the conclusion of the commission that considerations of public necessity do not warrant an order compelling the connection of the tracks of these two companies. The tracks of The Akron, Canton & Youngstown Railway Company now connect with the tracks of The Northern Ohio Railroad Company, The Erie Railroad Company and The Baltimore & Ohio Railroad Company, in the city of Akron, and with the tracks *369 of The Wheeling & Lake Erie Railroad Company, at Mogadore, which is the terminus of the Akron, Canton & Youngstown railway. The tracks of The Cleveland, Akron-& Cincinnati Railway Company now also connect with the tracks of The Northern Ohio Railroad Company, The Erie Railroad Company, and The Baltimore & Ohio Railroad Company. The proposed connection would afford shippers but little benefit in addition to that now secured by established connections. We are of opinion that the commission was right in concluding that a provision whereby a few local points could be reached by a less mileage than at present would not result in material benefit or advantage to the public. The mere fact that a physical connection is maintained with another road in the same locality, while denied the complainant, does not establish the claim of unreasonable or unjust discrimination. What is undue or unreasonable preference or advantage, or unjust discrimination, is not a question of law but of fact. (Pennsylvania Co. v. United States, 236 U. S., 351, and Louisville & Nashville Rd. Co. et al. v. United States, 242 U. S., 60.) Under the decision of the commission the facts must have been found adverse to complainants. Such conclusion is amply supported by the record. Reasonable necessity to accommodate the public is the ultimate test in the consideration of every such application. A charge of unjust discrimination therefore is not made out by the mere fact of a previous connection with the tracks of one company and a subsequent refusal to establish such connection with the tracks of another, *370 in the absence of the essential fact of reasonable public necessity for the proposed connection.
We find no substantial or prejudicial error in the proceeding before the commission, and its order is therefore affirmed.

Order affirmed.

Nichols, C. J., Newman, Jones, Johnson and Donahue, JJ., concur.