Chief Justice Simpson
delivered the opinion of the Court.
This was an action of assumpsit by Wilkinson against the defendants, as administrators de bonis non with the will annexed of Archibald Northcut, deceased.
The action was brought on an account for work and labor performed by the plaintiff for the defendant’s testator in his lifetime.
After the. death of the testator, Sally Northcut qualified as executrix and William Northcut as executor of his last will and testament. They both died, and after their death, the defendants were appointed administrators de bonis non, with the will annexed.
The statute of limitations was plead as a bar to the plaintiffs’ action, and to take the case out of the operation of the statute, he relied upon a promise to pay the demand, made by Sally Northcut the executrix, within five years, on which promise one of the counts in his declaration was founded.
A promise by one executor to pay the debt of the testator, is sufficient to do away the eftect of a bar by limitation and authorize an action against two executors or administ’Ts. Or an action against an administrator de. bonis non, in case of the death of the executor or administrator. (4 Monroe, 36; 16 Mass Re'p. 429; Angel on Lim. 278.)
Shuck for appellant; Fox for appellee.
The question, therefore, presented for the consideration of the Court is, whether the promise relied upon was sufficient to relieve the case from the statutory bar. The question was decided in the affirmative, by the Court below, and we are of opinion the decision was correct.
In the case of Hord’s administrator vs Lee et al., (4 Monroe, 36,) it was held that a promise by one of two administrators, was sufficient to take the case out of the statute, and to maintain the action against boih the administrators. The doctrine is based upon the assumption that an administrator or executor represents the the decedent to the extent of the assets in his hands, and that a promise made by him, in his representative capacity, to pay a debt, should have the same effect as if it had been made by the intestate or testator himself, and if there be several, that, they represent one individual and one fund, and the act of one in most cases is regarded as the act of all.
From these principles, it would seem necessarily to result, that as the estate was made liable by the promise of the executrix in her lifetime, that her death could not affect the liability, but the estate unadministered would remain subject to the demand in the hands of the defendants as administrators de bonis non.
This question was so decided by the Supreme Court of Massachusetts in the case of Emmerson vs Thompson, (16 Mass. Rep. 429,) and the doctrine is recognized as correct in Angelí on Limitations, 278.
Wherefore, the judgment is affirmed.