Rodman, &c., vs. Justices of Larue County.

CASE 43—MANDAMUS—JANUARY 25.

# Rodman, &c., vs. Justices of Larue County.

APPEAL FROM LARUE CIRCUIT COURT.

1. The county judge and justices have legal authority to employ medical aid for the relief of poor persons afflicted with small-pox, without regard to the color of such poor persons.

2. A *mandamus* from the circuit court is the proper remedy to compel the county court to levy a county tax to pay a bill for medical services rendered a poor negro woman afflicted with small-pox, under the employment of the county judge.

MURRAY & READ,                                     For Appellants,
                        CITED—

*Revised Statutes,* 1 *Stant.,* 327 ; 2 *Stant.,* 217.

3 *Met.,* 349, *and cases therein cited.*

20 *Barbour's* (*N. Y.*) *Reports,* 294.

10 *Wendell,* 363 ; *People vs. Supervisors Columbia Co.*

18 *John.,* 242 ; *Bright vs. Supervisors Chenango Co.*

19 *John.,* 272 ; *Johnson vs. Supervisors Herkimer Co.*

2 *Cowen,* 530 ; *People vs. Supervisors Cayuga Co.*

2 *Cowen,* 292 ; *People vs. Supervisors St. Lawrence Co.*

9 *Wendell,* 508 ; *People vs. Supervisors Dutchess Co.*

3 *Barbour* (*N. Y.*), 332; *People vs. Sup. Ulster Co.*

15 *Barbour,* 540 ; *People vs. Edmunds.*

3 *Met.,* 499 ; *Hammar vs. City of Covington.*

18 *B. M.,* 852 ; *Anderson Co. Court vs. Stone, &c.*

*Dane's Abridgment, vol.* 6, *p.* 320.

12 *Peters,* 524; *Kendell vs. United States.*

M. H. COFER,                                     For Appellees,
                        CITED—

*Bacon's Abridgment, title "Mandamus,"* 506.

14 *Barbour,* 57 ; *People vs. S. Fulton.*

12 *Johnson*, 415 ; *People vs. Sup. Albany.*
15 *East.*, 117 ; *King vs. Archbishop of Canterbury.*
18 *B. M.*, 426 ; *Goheen vs. Myers.*
18 *B. M.*, 17 ; *Louisville vs. Kean, &c.*
26 *Barbour*, 120.
*Revised Stat., chap.* 75, *sec.* 6, 2 *Stant.*, 217.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellants, as partners in the practice of medicine, filed a petition in the circuit court for a *mandamus* requiring the justices of the county court of Larue to levy a county tax to pay the amount of a medical bill for attending a poor free woman of color, who was confined with small-pox.

The petition alleges that one of the petitioners, at the request of the county judge, ratified and indorsed by the said justices, attended constantly and exclusively to the diseased woman, who was so isolated as to require his services as both physician and nurse; that the court of claims allowed the account for those services, and made a levy to pay one hundred and fifty dollars thereof, but refused to levy for the residue, referring the petitioners for payment of one hundred and ten dollars and eighty-four cents to an insufficient " negro fund."

The circuit court having dismissed the petition on demurrer, the case is now before us for revision.

The indebtedness being thus acknowledged, and the resulting duty to make a levy to pay it being, as hitherto adjudged by this court, merely ministerial, we have no doubt of the jurisdiction of the circuit court to compel the levy by *mandamus.* Nor do we doubt the legal authority of the county judge and justices to employ medical aid for the relief of their constituency from such a

county encumbrance, without regard to the color of the poor and afflicted woman ; and the justice of the entire account for the engaged service having been sealed conclusively by an authoritative approval and allowance of it, the county is bound to pay it without any other proof of it.

The circuit court ought, therefore, to have overruled the demurrer, and issued a *mandamus*, unless the appellees had, by answer, controverted the material allegations and shown cause sufficient for withholding the writ, which is the appropriate and only adequate remedy in such a case.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings consistent with the foregoing opinion, and with instructions also, if the levy for the one hundred and fifty dollars shall have been suspended, to require it, too, to be made.