Tarvin, &c. v. Walker's Creek Coal & Coke Co.

---

CASE 85—ACTION FOR APPOINTMENT OF RECEIVER—JANUARY 10.

# Tarvin, &c. v. Walker's Creek Coal & Coke Co.

APPEAL FROM LEE CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL.   REVERSED.

RECEIVERS—FACTS AUTHORIZING APPOINTMENT—PREVENTION OF RE-PEATED TRESPASSES—OTHER REMEDY.

Held:   Civil Code Practice, section 298, providing for the appointment of a receiver "on the motion of any party to an action who shows that he has, or probably has, a right to, a lien upon, or an interest in, any property or fund, the right to which is involved in the action, and that the property or fund is in danger of being lost, removed or materially injured," applies only to personal property, or to property on which the plaintiff appears to have a lien for the enforcement of some legal demand. . But, even if this were not true, the court would not be authorized to place land in the hands of a receiver to prevent defendants from trespassing thereon, and from confusing plaintiff's boundary, injunction being the proper remedy.

H. L. WHEELER, ATTORNEY FOR APPELLANTS.

1. The appointment of a receiver is regulated by the Civil Code, section 298.

2. The Chancellor has no jurisdiction to appoint a receiver in a case like this, independent of the Civil Code.

3. In order to obtain the appointment of a receiver, in a case like this, the plaintiff must show either that he has a clear title to the land or a lien on it, and that the property is in danger of

loss from the neglect, waste or misconduct of the defendant. Civil Code, sec. 298; Kerr on Receiver, sec. 78; High on Receiver, sec. 557; Am. & Eng. Ency. of Law, vol. 20, pp. 18, 19; Collins, &c. v. Richart, &c., 14 Bush., 623.

G. W. GOURLEY AND STROTHER & GORDON, FOR APPELLEE.

1. In this action it is alleged by the appellee in his petition, that the appellants are cutting, destroying and carrying away appellee's valuable timber on its lands, and this allegation is not denied by appellants. It is also alleged that the appellants are all insolvent, and it seems to us these facts authorize the Chancellor in the exercise of a reasonable discretion to appoint a receiver. Civil Code, sec. 298; Douglas v. Klein, 12 Bush., 622, 630.

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING.

The appellee, on the 19th day of January, 1899, instituted this action in the Lee Circuit Court against the appellants, in which, at great length and particularity, it was alleged that the plaintiff was the owner of a certain boundary of land in said county, and in possession thereof, and that the defendants were fraudulently and illegally attempting to run and confuse the lines of plaintiff's property, and also taking and carrying away a large amount of valuable timber from said land, and were in possession of said land. It is also alleged that the defendants were insolvent, and that, if they were not enjoined from committing the trespasses complained of, others would engage therein. It is also charged that appellants were fraudulently combining to run and mark lines tending to confuse plaintiff's boundary. It is also claimed that this suit should properly be brought in equity. The answer of defendants is a complete denial of all the averments of the petition, including the right of plaintiff to prosecute this suit in equity, and claiming that they were the real owners of the land in dispute. It further appears that on January 27, 1899, the plaintiff obtained from Judge D. B. Red-

wine, judge of the Lee Circuit Court, in vacation, an order placing the property in contest in the hands of a receiver, and from that judgment this appeal is prosecuted.

It is the contention of appellee that section 298 of the Code of Practice, which is as follows: "On the motion of any party to an action who shows that he has, or probably has, a right to, a lien upon, or an interest in, any property or fund, the right to which is involved in the action, and that the property or fund is in danger of being lost, re· moved or materially injured, the court, or the judge there· of during vacation, may appoint a receiver to take charge of the property or fund during the pendency of the action, and may order and coerce the delivery of it to him. The order of a court, or of the judge thereof, appointing or refusing to appoint a receiver, shall be deemed a final or· der for the purpose of an appeal to the Court of Appeals: provided, that such order shall not be superseded,"— authorizes the court to place the property in question in the hands of a receiver, while it is the contention of appellant that the Code did not authorize any such pro· ceedings. We are not inclined to the opinion that the sec· tion, *supra*, authorizes the court to give a receiv· er charge of a parcel of land, the title to which is in litigation. It seems to us that the provision of the Code refers only to personal property, or to property upon which the plaintiff *prima facie* appears to have a lien for the enforcement of some legal demand. But, even if this be not true, the court would not be authorized to place a tract of land in the hands of a receiver, unless the plaintiff had no other adequate means of protecting his rights or preventing irreparable injury. In this case, however, it is perfectly manifest that, if the plaintiff has any right of interest in the matter in con-

troversy that was likely to suffer irreparable injury, it could have effectually prevented the injury by obtaining an injunction restraining defendants from any further trespass or injury to the property in question. And it is a sound rule of equity and law that no receiver should be appointed to take from a defendant real property in his possession, and to which he had and claimed a *prima facie* right, unless such order was indispensably necessary to protect or preserve the apparent rights of the plaintiff. In this case, from the pleadings and affidavits filed, it does not seem to us that the plaintiff has even presented by a preponderance of evidence a *prima facie* right to have a receiver appointed, even if the court had jurisdiction to appoint a receiver in such a case. If, in a case like this, a receiver should be appointed to take charge of real estate, the defendant might for years be kept out of possession of his property, to his great damage, for which he would have no remedy. Such a result ought not to be allowed. For the reasons indicated, the judgment appealed from is reversed, and the cause remanded for proceedings consistent herewith.

Petition for rehearing by appellee overruled.