### Bannon v. Fox, Administrator.

(Decided May 18, 1923.)

### Appeal from Jefferson Circuit Court (Common Pleas, First Division).

1. Executors and Administrators—Order Referring Administration to Public Administrator Four Days After Decedent's Death is Void. —Under Ky. Stats., section 3905, authorizing county courts to confide to the public administrator, appointed under section 3903, the administration of the estate of deceased persons, if, after the expiration of three months from the death of decedent, no one will qualify as executor or apply for administration, the county court is without jurisdiction to confide the administration of an estate to the public administrator before the expiration of the three months period, so that an order to that effect, entered four days after the death of decedent, is absolutely void.

2. Executors and Administrators—Void Appointment of Public Administrator Appearing on Face of Petition can be Raised by General Demurrer.—Though a special demurrer is necessary, under Civil Code of Practice, section 92, to question plaintiff's legal capacity to sue, a general demurer is sufficient to raise the objection that the petition on its face shows that plaintiff has neither a legal nor beneficial interest in the controversy, so that a general demurrer should be sustained, where the petition showed on its face that the order confiding administration of the particular estate to plaintiff, the public administrator, was void.

3. Appeal and Error—Party Cannot on Appeal Attack Appointment Admitted at Trial, When There was Time to Correct Defect.— Where defendant at the trial expressly admitted that plaintiff's appointment as administrator was valid, and at that time the invalidity of the appointment could still have been corrected if an attack had been made thereon, defendant cannot on appeal rely

on the invalidity of the appointment when it was then too late to have a valid appointment made and a new action begun.

4. Death—Evidence Held to Warrant Finding Death Proximately Resulted from Personal Injuries.—Where plaintiff's expert witnesses testified that the abscess which caused the death of plaintiff's decedent resulted from a bruise received when his wagon was struck by defendant's trailer and defendant's physician admitted the possibility of such being the cause of death, but considered it highly improbable, the evidence was sufficient, not only to carry the question of the injury as the proximate cause of death to the jury, but also to sustain a verdict for the plaintiff.

5. Trial—Instruction There was no Evidence Which Would Legally Excuse Collision in City Street Held Correct.—An instruction which stated that there were in the testimony no facts which legally excused the collision was correct, notwithstanding testimony by one witness that the left rear wheel of decedent's wagon was to the left of the middle of the street, and that there was not sufficient room to pass the wagon on the left side without running over the curbstone, which was completely refuted by the fact that defendant's truck had plenty of room to pass decedent's wagon, and did pass it without running over the curb, and that the trailer struck the wagon because it skidded and did not follow the truck.

JOHN P. HASWELL, JR., for appellant.

SAMUEL G. TATE for appellee.

Opinion of the Court by Judge Clarke—Affirming.

This is an appeal by the defendant from a judgment awarding plaintiff, as administrator of D. D. Anderson, deceased, $1,800.00 as damages for the latter's death, and $50.00 for damages to his wagon.

On May 19, 1920, Anderson, a negro about 57 years of age, was driving a small express wagon, drawn by a mule, easterly on the right-hand side of Lee street in Louisville. Just as he had passed Third street, a truck, owned by defendant and driven by his agent, came out of Third street from the north and turned east on Lee street. The truck passed the wagon on the left, but a trailer attached thereto, in making the turn at the corner, skidded and struck the wagon with sufficient force to throw decedent to the ground.

To recover damages for injuries to himself and his wagon, alleged to amount to $2,085.00, Anderson instituted this action. He died, however, on October 5, before an answer had been filed, and on October 23, 1920, the plaintiff, H. I. Fox, filed an "amended and substituted

petition" alleging the death of Anderson, and that same resulted from the injuries set out in the original petition, and praying judgment against the defendant for $10,-000.00 damages for his death, and $85.00 as damages for the destruction of his wagon.

In that pleading, plaintiff's right to maintain the action as administrator of the decedent, is thus stated:

"Comes the plaintiff, H. I. Fox, administrator of the estate of D. D. Anderson, and makes this his amended and substituted petition and petition for revivor of this action.

"Plaintiff says that his decedent, D. D. Anderson, departed this life a resident of and domiciled in Jefferson county, Kentucky, on the 5th day of October, 1920, that thereafer on the 9th day of October, 1920, by proper orders of the Jefferson county court, the administration of this estate was referred to H. I. Fox, public administrator; that said H. I. Fox, is now and duly qualified and acting administrator of the estate of D. D. Anderson, deceased."

The answer does not controvert any of these allegations, but simply denies the allegation of negligence, or that Anderson's death resulted therefrom, and pleads contributory neglect, which latter plea was traversed by reply.

Before filing answer, however, defendant filed a general demurrer to the amended and substituted petition, and at the completion of plaintiff's evidence, moved for a directed verdict. Both of these motions were overruled, and each ruling is now assigned as error and ground for reversal, for the reason that the petition on its face shows that plaintiff Fox was without right to prosecute the action as the administrator of the decedent.

It will be noticed from the above quotation from the amended and substituted petition that Fox does not allege that he had been appointed as administrator of Anderson, but that Anderson died October 5, 1920, and that on October 9, 1920, the administration of this estate was referred to him, as public administrator, by proper orders of the Jefferson county court, and from these facts he states as a conclusion that he is now the qualified and acting administrator of Anderson.

Section 3903, Kentucky Statutes, provides for the appointment by the county court of a public administrator for each county, and section 3905 provides:

"The several county courts of this Commonwealth, in which there is a public administrator and guardian, shall confide to him the administration of the estate of deceased persons in all cases in which, by law, the jurisdiction to grant letters testamentary or administration applies, if it shall appear, after the expiration of three months from the death of the decedent, that no one will qualify as executor or apply for administration."

In construing this provision, we uniformly have held that the county court is without jurisdiction to confide the administration of an estate to the public administrator before the expiration of three months after the death of the decedent, and that an order attempting so to do is not voidable merely, but absolutely void. Underwood v. Underwood, 111 Ky. 966, 65 S. W. 130; Young's Admr. v. L. & N. R. R. Co., 121 Ky. 483, 89 S. W. 475; Jackson's Admr. v. Asher Coal Co., 153 Ky. 547, 156 S. W. 136; Fentzka's Admr. v. Warwick Construction Co., 162 Ky. 580, 172 S. W. 1060.

We may presume that Fox was the duly and regularly appointed public administrator of the county, although it is not so stated, but even so, it affirmatively appears from his pleading that the order of the county court, attempting to refer to him as such the administration of Anderson's estate four days after the latter's death, was absolutely void, and therefore conferred upon him no power to prosecute the action.

It follows then that the court erred in overruling the general demurrer to his petition, if the question may be raised by general demurrer rather than special demurrer. Section 92 of the Civil Code declares, among other things not important here, that "A special demurrer is an objection to a pleading which shows . . . that the plaintiff has no legal capacity to sue," and that same is waived unless the question is seasonably raised by such a demurrer.

Hence if plaintiff was merely without "legal capacity to sue" within the contemplation of this section, the question was waived, since defendant did not file a special demurrer to the pleading. But we expressly held in L. & N. R. R. Co. v. Brantley's Admr., 96 Ky. 297, 27 S. W. 477, upon analogous facts, that this section does not apply where it appears on the face of the petition that the plaintiff has neither a legal nor a beneficial interest in the controversy, and that in such circumstances the objection can be raised by a general demurrer. That de-

cision was based upon many cases from this and other courts, and is, in our judgment, sound, although a dictum in L. & N. R. R. Co. v. Herndon's Admr., 126 Ky. 589, 104 S. W. 732, expresses doubt as to its soundness.

We are therefore of the opinion that the court erred in overruling the general demurrer to plaintiff's petition from which it appears that he had neither a legal nor a beneficial interest in the controversy. We are, however, further of the opinion that reversal of the judgment should not be ordered therefor, for the following reasons: After the parties had announced ready for trial, and the jury had been sworn and heard the statements of counsel for both sides, and just before plaintiff began the introduction of his evidence, the record discloses the following occurrence:

"Present:

For the plaintiff, Samuel Tate, Esq.

For the defendant, Judge John P. Haswell.

By Mr. Tate: Do you agree to the appointment of Capt. Fox?

By Judge Haswell: Yes.

By the court: It is agreed that Capt. Fox was duly appointed by the county court the administrator of the estate, and is now acting.

By Judge Haswell: I don't think I deny that."

This was on February 14, 1921, and within less than a year after both the accident complained of and the death of Anderson, and at that time the county court could have legally referred the administration of this estate to the public administrator thereof, who could have prosecuted this action against the defendant, but now that cannot be done, and the cause of action of decedent's estate against the defendant for his death is barred by limitation, and a right of recovery by the estate is lost if this action must be dismissed. L. & N. R. R. Co. v. Brantley's Admr., 106 Ky. 849, 51 S. W. 585.

To allow the defendant to take advantage upon appeal of an error, when it is too late for his antagonist to correct it, and which he expressly waived when it could and would have been corrected in the court below, would violate not only all rules of practice, but principles of justice as well. Having expressly agreed with the opposing counsel and the court "that Capt. Fox was duly appointed by the county court the administrator of the estate, and is now acting," after the pleadings had been completed and the trial before the jury begun, the de-

fendant will not now be permitted to take advantage, either of the error of the court in overruling the demurrer to the petition or in refusing to direct a verdict for the defendant upon the gound that plaintiff's appointment as administrator of the estate was illegal.

Of the several other grounds urged for reversal, the only ones that we consider of sufficient importance to warrant discussion are: That decedent's death was not the proximate result of the injuries received in the accident complained of; and that the first instruction given by the court is erroneous.

The evidence for plaintiff on the former question is: That as a result of the collision, decedent was violently thrown to the ground, and that his arm, neck and back were injured thereby; that a place about four inches in diameter on his neck just below the ear was bruised and discolored; that in a short time this place on his neck began to swell and protrude; that it gradually became hard or "board-like," and finally resulted in a large abscess, which the attending physician lanced a few days before decedent's death; that blood poison developed, and the death of decedent resulted therefrom.

The attending physician and others introduced by the plaintiff, testified that in their judgment the injury received by the decedent in the collision with the defendant's truck caused the abscess to form and was the proximate cause of his death. Physicians introduced by the defendant testified that this was highly improbable, but admitted its possibility.

Upon this testimony the court submitted to the jury, by an instruction that is not criticised, the question of whether or not the death of Anderson resulted directly from injuries sustained in the collision, and in our judgment the evidence was sufficient not only to carry that question to the jury, but to sustain the verdict for the plaintiff.

Complaint is also made of the first instruction given by the court, which told the jury that "there is in the testimony no facts which legally excuse the collision." It is insisted that this instruction was erroneous because of proof by one witness to the effect that the left rear wheel of the wagon of Anderson was, at the time of the collision, a little to the left of the middle of the street, and that there was not sufficient room to pass the wagon on the left side without running over the curbstone. The latter part of this statement is completely refuted by

the fact that the truck had plenty of room in which to pass, and in doing so did not strike the curb, and missed the wagon some four or five or six feet; and the proof of every witness who testified on the subject was, that the trailer struck the wagon not because there was not plenty of room to pass it without doing so, but because the truck turned the corner in such a way as to cause the trailer to skid and strike the wagon, which it would not have done had it followed the truck. And if as this witness stated, there was not room to pass, then certainly the collision was inexcusable.

We are therefore of the opinion that there is no merit in this contention, and that the court did not err in giving this instruction and refusing the one offered by the defendant in lieu thereof.

Wherefore the judgment is affirmed.