## Johnson, et al. v. Whitley County, et al.

(Decided March 25, 1927.)

### Appeal from Whitley Circuit Court.

1. Parties.—Under Civil Code of Practice, section 92, subsec. 4, a question of defect of parties cannot be raised by a general demurrer.

2. Mandamus.—County treasurer held not necessary party defendant to mandamus proceeding against county and individual members of its fiscal court to compel levy and collection of tax to pay warrant held by plaintiff.

3. Mandamus.—Mandamus will lie against a county fiscal court to compel levy and collection of tax to pay warrant given for land condemned for highway purposes.

4. Mandamus.—Petition alleging consent judgment in proceeding to condemn land, and that owner had consented to accept county's warrant, payable out of current expense fund of levy for year 1924, and to give immediate possession, but that county had failed to pay warrant out of such levy, held to show right to mandamus to compel levy of tax to pay warrant, in view of Constitution, section 13.

5. Mandamus.—On appeal from judgment sustaining demurrer to petition, in action to compel county court to levy tax to pay warrant held by plaintiff, question whether county's debt exceeded constitutional limitations (Constitution, section 157), when warrant was given, held not before court, no mention thereof having been made in the petition.

J. B. JOHNSON for appellants.

W. B. EARLY for appellees.

Opinion of the Court by Judge McCandless—Reversing.

In a proceeding to alter a county road in Whitley county and to run same over the lands of Ben and Mrs. Sarah Johnson, such proceedings were had in the county court as resulted in a judgment in their favor against the county for the sum of $400.00 as damages under the condemnation. The county appealed to the Whitley circuit court. The docket of that tribunal was congested and, after considerable delay, in March, 1925, an agreed judgment was entered in the Whitley circuit court, the salient parts of which are in these words:

"This action came on for trial upon the appeal prosecuted herein and the exceptions of both parties to the report of the commissioners herein, and the parties to this action having agreed in open court upon a settlement of the controversy said fact is now noted of record.

"It is therefore by agreement of parties hereto ordered and adjudged by the court that $300.00 is the value of the strip of land sought to be taken herein, including the damages to the remaining tracts caused by the taking of said strip and including any additional fencing made necessary by the taking of said strip or parcel of land.

"It is further ordered and adjudged by the court that the defendants, Ben Johnson and Mrs. Sarah Johnson, recover of the county of Whitley the sum of $300.00 for the aforesaid strip of land, damages, etc.

"It further appearing to the court by agreement of the parties that the defendants herein have agreed to accept a warrant of Whitley county, drawn upon the treasurer of said county in payment of the above damages, for the sum above specified, and that said warrant has been delivered to the attorneys for defendants herein, this fact is also noted of record; and by agreement it is ordered and adjudged by the court that Whitley county shall be entitled to the immediate possession of said tract and the use and control of the same for the purpose for which it is condemned as fully as if the title to the said strip of land had been conveyed to it for the purpose of the construction of the proposed pike road thereon."

In accordance with this judgment the county issued its warrant for $300.00, payable "out of the current expense fund of the county levy for the year 1924." It immediately took possession of the condemned land and constructed the road, which is now in use. Subsequently this warrant was presented on several occasions in 1925 and 1926 to the treasurer of Whitley county for payment, which was refused for the reason that "it did not have sufficient funds for that purpose." It further appears that during all of the time mentioned the county was heavily indebted and unable to meet its current obligations.

On September 8, 1926, appellants filed suit against Whitley county and the individual members of its fiscal court, alleging in apt terms the above facts and seeking a mandamus to compel the court to levy and collect a tax for the payment of this judgment. A demurrer was sustained to the petition and they have appealed.

(1) In support of the ruling of the trial judge it is urged that there is a defect of parties, in that the county treasurer was not made a party defendant. This position is untenable for two reasons: (a) The question of defect of parties cannot be raised by general demurrer. Civil Code, sec. 92, subsec. 4; L. & N. R. R. v. Herndon's Admr., 126 Ky. 589; Haley v. Cochran, 102 S. W. 852. (b) It is admitted that there are no funds on hand with which to make payment and the treasurer cannot be compelled to pay it.

(2) In a long line of decisions we have held that mandamus will lie against a fiscal court in cases of this character. Rodman v. Larue County, 3 Bush 144; Bell County v. Foley, 23 Rep. 835; Muhlenberg County v. Morehead, 20 Rep. 376-77; Fleming v. Dyer, 20 Rep. 689; Anderson County v. Stone, 18 B. M. 676; Trustees of School v. Miller, 32 L. R. 367; Cain v. Burroughs Adding Machine Co., 180 Ky. 567. See also 38 C. J., page 753; 18 R. C. L., pages 114-115.

It is argued for the county, however, that, while under the provisions of sec. 13 of the state Constitution appellants were entitled to receive compensation before the county took possession of their property, they could and did agree to waive such right and to accept the county warrant in question in payment of their damages, and having thus compromised their claim they cannot now rely upon the compromise and at the same time im-

peach it by insisting upon their constitutional rights; that, having accepted the warrant, they are like any other warrant holder and must take their turn in payment, such warrants being paid in the order of their priority.

If we confine our attention to the fourth paragraph of the judgment there is much force in this contention. but the entire judgment must be construed together. The third paragraph awards a judgment for $300.00 against the county; that judgment is in full force and was not paid or satisfied by the agreement set out in the fourth paragraph and the issuing of the warrant in conformity thereto. It is reasonably clear that the purpose of the parties was to permit the county to take immediate possession of the condemned land and construct its road thereon without prepayment as required by the constitutional provision, and it must have been contemplated that the warrant was to be paid according to its terms out of the 1924 levy. When this was not done the right to enforce the judgment accrued. In insisting upon this plaintiffs are not impeaching the judgment or the compromise but merely asking its enforcement. Nor is the question of ordinary county warrants being paid in the order of their priority involved. The county has taken plaintiffs' property for public use under an agreed judgment fixing the amount of their recovery and the manner of satisfaction, but it is making no effort to perform the judgment. On the contrary it is sitting idly by and saying to plaintiffs that they must take their turn, without any assurance as to when, if at all, this will come.

It is also intimated in brief of counsel that at the time this judgment was entered the county was indebted in excess of its constitutional limitations as provided in section 157 of the Constitution; but that question cannot be considered, as no mention of it is made in the petition and we are only determining the sufficiency of that pleading. As the petition stated a cause of action the court erred in sustaining a demurrer to it.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.