# Hogg's Receiver v. Hogg et al.

(Decided Oct. 20, 1936.)

HAWKS & LEWIS for appellant.

H. C. FAULKNER and A. J. MAY for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

T. C. Adams, receiver for George Hogg, instituted this action in equity against Mahala Hogg, wife of George Hogg, and Astor Hogg and other children of George Hogg, and certain of their vendees or assigns, alleging that in October, 1931, by order of the Letcher circuit court in an action styled Frazier Bros. v. George Hogg, he was appointed receiver of the estate of George Hogg and thereafter qualified as such; that after his qualification it was discovered that at a time when George Hogg was indebted to divers persons in sums aggregating approximately $30,000, and to whom he was still indebted, he had on April 19, 1927, given, and without valuable consideration conveyed, to his wife and respective children, named as defendants, various pieces of real estate described in the petition, and some of them in turn had conveyed or mortgaged property so conveyed to them to other parties defendant; that all of these conveyances were made with the full knowledge of these facts upon the part of all parties and with the fraudulent intent of hindering, defrauding, and delaying his creditors.

He prayed that all such conveyances and mortgages be held fraudulent and void and be set aside, and that the property described and conveyed by each of them be adjudged subject to all existing liabilities of George Hogg.

The defendants entered a general demurrer to the petition, and thereafter, and before further proceedings, some of the children in open court tendered deeds conveying back to George Hogg to be subjected to the demands of his creditors some of the various tracts or parcels of land set out and described in the petition.

The demurrer to the petition having been overruled, the wife and children of George Hogg filed answer denying the allegations of the petition and set up affirmative defenses which, for the reasons presently appearing, it will be unnecessary to detail or consider.

After reply had been filed, defendants filed a motion to set aside orders filing former pleadings and to be allowed to withdraw same without prejudice to their right to file a special demurrer, which motion was sustained; thereupon, a special demurrer was filed.

Plaintiff thereupon filed an amended petition alleging that, when the matters referred to in the original petition were discovered and made known to the court, and upon motion of creditors of George Hogg, an order was entered appointing attorneys for the receiver to investigate the conveyances referred to in the petition, and if, upon investigation, the attorneys were of the opinion that they were made in fraud of creditors, appropriate action would be taken to have same canceled for the benefit of the creditors. A certified copy of the order was filed as an exhibit and made a part of the petition. The regular judge having declined to sit, a special judge assigned to hear the case sustained the special demurrer to the petition as amended on the ground that plaintiff did not have legal capacity to bring, prosecute, or maintain the action and adjudged that the petition be dismissed. Plaintiff is appealing.

It was indicated in the order sustaining the special demurrer that the general demurrer which had been overruled should have been sustained, but, since it had been overruled at a former term by another judge, that order would not be interfered with.

From the foregoing statement it will be seen that the only question presented for determination by this appeal is whether in the circumstances a receiver appointed by the court is vested by law with authority to maintain an action of this character, or whether such authority may be conferred by the court. The power to appoint the receiver was conferred by section 298 of the Civil Code of Practice, which, in so far as pertinent, reads:

"On the motion of any party to an action who shows that he has, or probably has, a right to, a lien upon, or an interest in, any property or fund, the right to which is involved in the action, and that the property or fund is in danger of being lost, removed or materially injured, the court, or the judge thereof during vacation, may appoint a receiver to take charge of the property or fund during the pendency of the action, and may order and coerce the delivery of it to him."

Section 299 in effect provides that in an action to enforce a mortgage lien a receiver may be appointed, if

it should appear that the property is in danger of being lost, removed, or materially injured, etc.

Section 302 provides:

"The receiver has, under the control of the court, power to bring and defend actions, to take and keep possession of the property, to receive rents, collect debts and generally to do such acts respecting the property as the court may authorize."

It is at once apparent from a reading of these Code provisions that the power and duty of a receiver appointed thereunder is to take charge of, hold, preserve, and control personal property or real estate, the title to which is involved, or where there is an attempt to enforce a lien upon it in the action in which the receiver was appointed. See Cecil v. Cecil's Ex'rs et al., 185 Ky. 787, 215 S. W. 794; Tarvin v. Walker's Creek Coal & Coke Co., 109 Ky. 579, 60 S. W. 185, 22 Ky. Law Rep. 1473.

It is equally manifest that the court cannot confer upon the receiver other or greater authority than is conferred by these Code provisions.

In the case of Caldwell v. McWhorter, 84 Ky. 130, 8 Ky. Law Rep. 79, the court in construing these sections of the Code, and after setting them out at length, said:

"It will be perceived that the power to appoint a receiver exists under section 298 only where there is property or a fund, the right to which is involved in the action, and that he is then appointed to take charge of only such property or fund. It would, therefore, seem that he has power to bring or defend only such actions as involve the preservation of the property or fund in his charge, and the collections of rents and debts accruing therefrom. * * *

"But not deeming it necessary to decide whether a receiver may or not be appointed in such an action, when necessary for the preservation of the property, we are satisfied it was never intended by the Civil Code, from which the receiver of court derives all his power, to confer upon him the right, even under order of court, to bring an action involving title to real estate against third parties, or

to submit a controversy concerning title to real estate with third parties, and bind the real parties in interest, without their consent, by the judgment which may be rendered."

The holding in the McWhorter Case has stood without modification and was cited with approval and followed in the recent case of Rapp Lumber Co. v. Smith, 243 Ky. 317, 48 S. W. (2d) 17, where it was held in effect that, notwithstanding section 21 of the Civil Code of Practice (relied on by appellants here), the receiver alone could not maintain an action of this character, but that the real parties in interest should bring or join in the action. See, also, Ray v. First National Bank, 111 Ky. 377, 63 S. W. 762, 23 Ky. Law Rep. 717; Monson v. Payne, 199 Ky. 105, 250 S. W. 799. These cases are conclusive and clearly indicate the correctness of the chancellor's holding that the receiver could not maintain the action.

It is insisted, however, that by filing a general demurrer and answer to the petition appellee waived any objection to the legal capacity of the receiver to sue and maintain the action. The objection that a plaintiff does not have legal capacity to sue may be properly raised by a general demurrer when it appears on the face of the petition that he has neither a legal nor beneficial interest in the controversy. Bannon v. Fox, 199 Ky. 262, 250 S. W. 966; Louisville & N. R. Co. v. Brantley's Adm'r, 96 Ky. 297, 28 S. W. 477, 16 Ky. Law Rep. 691, 49 Am. St. Rep. 291.

It follows, therefore, that the general demurrer should have been sustained and the same result would have been reached by such action.

In Cavalier Advertising Service v. Hudson, 262 Ky. 282, 90 S. W. (2d) 28, 33, it is said:

"The ground upon which the chancellor's opinion may have rested is immaterial, since it should and will be upheld if correct upon any ground manifested by the record. Dwiggins v. Howard, 247 Ky. 746, 57 S. W. [2d] 649; Whitaker v. Reynolds, 234 Ky. 127, 27 S. W. [2d] 672."

Judgment affirmed.