## Shaw v. Strauch's Adm'r.

May 18, 1943.

Al M. Marret and Hagan & Hagan for appellant.

Allen Schmitt and Grover G. Sales for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Bessie Strauch died intestate August 9, 1934, a resident of Clark county, Indiana, leaving surviving her as her only heir at law her sister, Daisy R. Shaw, the appellant. Her husband, Charles W. Strauch, qualified as

administrator of her estate. On March 26, 1940, he, as administrator under his appointment in Indiana, brought an action in the Jefferson circuit court for the cancellation of a deed to a house and lot in Louisville executed by the decedent on March 25, 1933. He named himself and Daisy R. Shaw and J. L. Shaw, her husband, defendants. He alleged in the petition that on May 25, 1933, Bessie Strauch conveyed her house and lot in Louisville, Kentucky, to her sister, Daisy R. Shaw, to be held by the latter in trust as security for a loan of $2,575; that the defendant had collected a large amount in rents, and all of the indebtedness had been paid except $117.80. He asked that it be adjudged that the defendant Daisy R. Shaw held the title in trust for the benefit of herself and the decedent; that the deed be set aside; that the defendant Daisy R. Shaw be adjudged a prior and superior lien against the property in the sum of $117.80, and that the property be ordered sold and the defendant's debt paid out of the proceeds, and that the balance be paid to the plaintiff. The defendants, Daisy R. Shaw and J. L. Shaw, demurred to the petition, and on October 10, 1940, their demurrer was sustained. On October 25, 1940, Charles W. Strauch qualified in the Jefferson county court as administrator of the estate of Bessie Strauch, and on November 15, 1940, as such administrator, filed in the Jefferson circuit court a pleading styled ''Amended and Substituted Petition'' naming as defendants, Daisy R. Shaw, J. L. Shaw, her husband, Charles W. Strauch, husband of Bessie Strauch, deceased, Combs & Scott, Dr. John H. Baldwin, Dr. Nathaniel Isler, Dr. W. L. Allen, and Warren Allison. He repeated substantially the allegations in the original petition, and alleged that Bessie Strauch at the time of her death owed debts totaling approximately $1,000, and he listed as her creditors the defendants, other than the Shaws, named in the caption of the pleading. He asked that the action be referred to the master commissioner to ascertain and report the amount of debts against the estate and to settle plaintiff's accounts as administrator and that the property be sold to pay the debts and costs of administration. The Shaws filed a general demurrer to the amended and substituted petition, and the demurrer was overruled. On December 6, 1940, they filed an answer denying that Bessie Strauch conveyed the property to Daisy R. Shaw in trust to secure a loan, and alleging affirmatively that the property was conveyed absolutely and in fee simple to Daisy R.

Shaw for a good and valuable consideration paid by her to the decedent. They also alleged that the interest on the money paid as the purchase price together with the taxes, insurance and repairs exceeded the rents collected on the property during the preceding seven years. A reply made up the issues, and on December 13, 1940, an order of reference was entered, and thereafter a number of hearings were had before the commissioner. On January 24, 1941, Charles W. Strauch filed an answer setting up his claim of curtesy in the real estate. On March 25, 1941, Daisy R. Shaw filed an amended answer alleging that the fee simple title to the real estate described in the petition was conveyed to her by her sister, Bessie Strauch, deceased, and her husband by deed dated May 25, 1933, for the consideration of $2,400, the amount then and there paid by her to the Clark County State Bank of Indiana, in satisfaction of a promissory note of Bessie Strauch which was secured by a lien on the property. She then set out in detail the rents collected and the amounts paid by her for taxes, insurance and repairs subsequent to the date of the deed. She prayed that the petition and the amended and substituted petition be dismissed, and in the event the court decided that the property described in the pleadings was conveyed to her in trust for the benefit of Bessie Strauch, deceased, that she be adjudged a lien on the property for the amount of money paid by her at the time she secured the deed and for the taxes and repairs and insurance premiums. The last proof heard by the commissioner was taken on June 20, 1941. On September 10, 1941, Daisy R. Shaw filed a pleading styled "Amended Answer of Daisy R. Shaw Pleading to Jurisdiction," which the court treated as a plea in abatement and overruled. In a written opinion the chancellor said:

"This action was brought by a personal representative appointed by the Jefferson County Court. After the issues had been made up and after the proof had been taken the defendant filed an answer in the nature of a plea in abatement. The efficacy of this plea is the issue to be resolved.

"The purpose of this suit is to set aside an alleged fraudulent conveyance and to subject the land to decedent's debt. The land is in Jefferson County. It is apparent that the personal representative has no capacity to sue, but there is no question about the jurisdiction of this court to set aside the conveyance

if fraudulent and subject the land to debt. Altho the plaintiff has no capacity to sue, such incapacity has been waived by the pleading to the merits ([Civ.] Code [Prac. secs.] 92 and 118). Hence the plea in abatement is overruled."

Thereafter the commissioner filed his report in which he found that the instrument dated May 25, 1933, though in the form of a deed, was, in fact, a mortgage. He found that the property was worth $5,000, and that the balance due the defendant, Daisy R. Shaw, on January 1, 1942, was the sum of $1,751.88. He recommended that the following claims be allowed against the estate: Combs & Scott, funeral expenses, $374; Charles W. Strauch, money advanced to estate, $317; Nathaniel C. Isler, doctor's bill, $47; John H. Baldwin, doctor's bill, $15; William L. Allen, doctor's bill, $16; and Warren B. Allison, legal services, $25. The attorney for the administrator requested that he be allowed a fee of $1,000 for services rendered in the case, and the commissioner found that a fair and reasonable fee in the case would be $500. Exceptions to the commissioner's report were overruled, the report was confirmed, and a judgment was entered in conformity therewith. The question of the plaintiff's right to curtesy in the property was reserved, and the judgment recited that it was entered without prejudice to the right of the defendant, Daisy R. Shaw as the only heir of Bessie Strauch to assert a claim against Charles W. Strauch for the funeral expenses and physicians' bills of the deceased, and without prejudice to her right, if any, to subject his interest in her sister's estate to the payment thereof.

The court correctly overruled the plea in abatement even if it be conceded that there was a defect of parties plaintiff. The court had jurisdiction of the subject of the action, and the defect of parties, if any, was waived by appellant when she failed to make an objection distinctly specified by demurrer or answer or other proper pleading until after the issues had been completed and all the proof had been taken. Sections 92, 118, Civil Code of Practice; Gorin v. Gorin, 292 Ky. 562, 167 S. W. (2d) 52; State Farm Mutual Auto Insurance Company v. Hall, 292 Ky. 22, 165 S. W. (2d) 838; Coggins v. Coggins, 289 Ky. 570, 159 S. W. (2d) 4. Every person necessary or proper in an action to settle the estate was a party to the suit, to wit, the sole heir at law

of the decedent, her surviving husband, her administrator, and all of her creditors. Charles W. Strauch, M. Joseph Schmitt, and Mrs. Edwin Coombs testified concerning the conversation by the appellant and her sister, Bessie Strauch, when the contract was entered into whereby Mrs. Strauch agreed to convey to appellant the house and lot as security for the loan of $2,400. Schmitt was an attorney representing Mrs. Strauch, and at her death she was indebted to him in the sum of $300 for legal services. This debt was paid by Mr. Strauch, individually, and he filed proof of the claim in these proceedings for a settlement of the decedent's estate. It is argued that Mr. Strauch and Mr. Schmitt each had a pecuniary interest and, under the provisions of subsection 2 of section 606, of the Civil Code of Practice, appellant's objection to their testimony should have been sustained. Their testimony affected the appellant who was present when the transaction took place, and, under the Code, was competent. Truitt v. Truitt's Adm'r, 290 Ky. 632, 162 S. W. (2d) 31, 140 A. L. R. 1127; Rice v. Blanton, 232 Ky. 195, 22 S. W. (2d) 580. The proof showed conclusively that Mrs. Shaw took title to the property to secure the loan, and that she agreed to return the property to her sister when the debt had been paid. After the deed was executed she wrote a letter to Mrs. Strauch's attorney admitting such to be the agreement.

It is also argued that the claims allowed by the court against the estate of Mrs. Strauch were barred by limitations. It was stipulated that in Indiana the 6-year statute of limitations applies to accounts and contracts not in writing. The commissioner found that the claims were contracted at or about the time of the decedent's last illness, and that more than six years elapsed between the time the claims were contracted and the time the proof of the claims was filed with him. The proof showed and the commissioner found that the administrator when approached by the creditors informed them that he had no funds in his hands out of which to pay the claims, but promised that he would pay them when the house and lot in Louisville was sold. The court correctly found that the statute had been tolled. McCoy's Adm'r v. McCoy, Ky., 125 S. W. 177; Northcut's Adm'r v. Wilkinson, 12 B. Mon. 408.

The judgment is affirmed.