## Farmer v. Sales et al.

October 18, 1946.

Zeb A. Stewart for appellant.

William J. Wigginton for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing..

Beatrice Sales died intestate June 12, 1945, a resident of Daviess county. She left her husband, George

B. Sales, one brother and three sisters surviving her. On October 19, 1945, Mary Taylor Farmer, claiming to be a creditor of the estate of the decedent, brought this action against George B. Sales and the brother and three sisters of Beatrice Sales to recover $987, with interest from January 1, 1942, and for a settlement of the decedent's estate. No personal representative had been appointed prior to the institution of the action. It was alleged in the petition that the decedent, at the time of her death, owned an undivided one-half interest in two tracts of land in Ohio county, one containing 16 acres and the other 25½ acres, and that plaintiff owned the remaining one-half interest. It was further alleged that the decedent owned a house and lot in Owensboro, Daviess county, Kentucky; that the two tracts of land in Ohio county, if sold, would not be sufficient to satisfy plaintiff's demand; that each of the tracts was indivisible, and could not be divided without impairing its value or the value of the plaintiff's interest therein, and it would be necessary to sell the Owensboro property to pay the remainder of plaintiff's demand. The plaintiff asked for a sale of the land described in her petition and for a final settlement of the estate of Beatrice Sales. Summons was executed on each of the defendants on October 19, 1945, and on the same day, on motion of the plaintiff, the action was referred to the master commissioner with directions to him to advertise for, take proof of, and report claims. The commissioner filed his report on December 3, 1945, and on December 10, 1945, no exceptions having been filed, his report was confirmed. On December 3, 1945, the defendants filed a general demurrer to the petition, and a hearing thereon was continued from time to time until December 17, 1945, when the demurrer was overruled. Thereupon the defendants filed the following special demurrer: "The defendants, and each of them, demur specially to plaintiff's petition because it shows that the plaintiff has not legal capacity to maintain this action."

The special demurrer was sustained, and the plaintiff's petition was dismissed without prejudice. The plaintiff appeals.

The action is clearly one to settle the decedent's estate, and the plaintiff's right to bring the action is governed by subsection 1 of section 428 of the Civil Code

of Practice, which reads: "A representative, legatee, distributee or creditor of a deceased person may bring an action in equity for the settlement of his estate (provided that no such suit shall be brought by any of the parties named except the personal representative until the expiration of six months after the qualification of such representative.)"

The petition alleged that the decedent died intestate leaving no children or issue of her body surviving her, but leaving her husband and as her sole and only heirs at law one brother and three sisters, all of whom were made defendants. It further alleged that no administrator had been appointed, and that the decedent left no personal estate but left only the real estate described in the petition. The real estate, of course, vested in the decedent's heirs at law at her death, and they were necessary parties in an action seeking to have a lien adjudged on the land for the debts of the decedent. The petition stated a cause of action, and the general demurrer was properly overruled.

It appears from the petition that the suit was instituted less than six months after the death of Beatrice Sales, and, consequently, the filing of a special demurrer was the proper method of raising the question of plaintiff's right to prosecute the action. The sole question for our decision is whether the objection by special demurrer was seasonably made. An objection that plaintiff does not have legal capacity to sue or that there is a defect of parties cannot be made by general demurrer. Louisville & N. R. Co. v. Herndon's Adm'r, 126 Ky. 589, 104 S. W. 732; Johnson v. Whitley County, 219 Ky. 275, 292 S. W. 797; Morgan's Trustee v. Morgan, 237 Ky. 69, 34 S. W. 2d 945. Section 92 of the Civil Code of Practice defines a special demurrer as an objection to a pleading which shows "1. That the court has no jurisdiction of the defendant or of the subject of the action; or, 2. That the plaintiff has not legal capacity to sue; or, 3. That another action is pending, in this state, by the same parties, for the same cause; or 4. That there is a defect of parties, plaintiff or defendant." The section then provides: "Either of said grounds of objection, shown to exist by a pleading, is waived, unless distinctly specified by a demurrer thereto, except the objection to the jurisdiction of the court of the subject of the action,

which objection is not waived by failing so to make it; but a party failing so to make it when or before he files a pleading, other than a demurrer, is liable for all costs resulting from such failure."

Here, the court had jurisdiction of the subject of the action, and the only question is: Did the general demurrer operate to waive the objection for want of legal capacity to sue? We have held in numerous cases that such an objection, where the grounds appear on the face of the pleading, must be made by special demurrer, and that a general demurrer operates as a waiver. Walton v. Washburn, 64 S. W. 634, 23 Ky. Law Rep. 1008; Bannon v. Fox, 199 Ky. 262, 250 S. W. 966; Ebner v. Official Board of the M. E. Church, 214 Ky. 70, 282 S. W. 785; Wedding v. First National Bank, 280 Ky. 610, 133 S. W. 2d 931. Cf. Gorin v. Gorin, 292 Ky. 562, 167 S. W. 2d 52; Shaw v. Strauch's Adm'r, 294 Ky. 558, 172 S. W. 2d 50. It follows that the court erred in sustaining the special demurrer.

The judgment is reversed with directions to overrule the demurrer, and for further proceedings.