## PHILLIPS et al. v. REED.

Court of Appeals of Kentucky.

May 22, 1953.

504

CAMMACK, Justice.

This is an action in equity by Maggie Riley Reed against the Lynches and Phillips, their tenant, for 40 acres of land on the middle fork of Contrary Creek in Lee County. She sought possession, damages of $500 (later raised to $1,700 by amendment), and a decree quieting her title and annulling the deed to the Lynches. By agreement of the parties the case was transferred to the ordinary docket for trial of title and the jury found for the plaintiff. Judgment was entered giving her possession and the defendants appeal.

Both parties claim under Icy Riley. Icy had one daughter, plaintiff Maggie Riley, and five sons, one of whom was George, father of Bert. All but one of Icy's sons predeceased her, and he died soon after. Maggie claims under a lost deed, allegedly executed to her by the other heirs, Icy's grandchildren to the number of nearly 40. She admits that Bert Riley did not join in the deed, but claims that Bert was barred by Icy's conveyance to him on September 1, 1927, of 100 acres of land by a deed which provided that Bert would make no claim to any real estate remaining in Icy at her death.

The defendants claim under a 1946 deed from Bert. Bert's claim is based on an alleged parol gift of the 40 acres from Icy in payment for her support and care. The gift was allegedly made on September 1, 1927, and defendants claim continuous adverse possession since that date. They also assert that Maggie is barred by a deed of September 1, 1927, from Icy to Dan Riley, Maggie's husband, conveying 160 acres with the understanding that Dan would make no claim to any real estate remaining in Icy at the time of her death.

The trial court instructed the jury to find for the defendants if it believed that the conveyance to Dan Riley was intended to bar Maggie or if the defendants had maintained adverse possession for 15 years. They were instructed to find for the plaintiff if they did not so believe, provided they further believed that Maggie had a lost deed from the heirs of Icy. Under these instructions the jury found for the plaintiff.

Shumate & Shumate, Irvine, for appellants.

W. L. Kash, Irvine, Simeon S. Willis, Ashland, for appellee.

The appellant seeks reversal on three grounds: (1) want of necessary parties; (2) failure to direct a verdict for the appellants; and (3) error in instructions.

Appellee's petition asserted that she was the owner of the disputed tract. There was evidence that the interests of the other heirs had been conveyed to her by deed, except for Bert's interest, if any, which he had purported to convey to the defendants. There was no defect of parties. If there were, appellants' objection, raised for the first time on motion and grounds for a new trial, came too late. Defect of parties plaintiff must be raised by demurrer or answer in the nature of a plea in abatement or it is waived. Civil Code of Practice, sections 98 and 118; Shelby v. Shelby, 194 Ky. 141, 238 S.W. 371; Puckett v. Jameson, 157 Ky. 172, 162 S.W. 801. And see Shaw v. Strauch's Adm'r, 294 Ky. 558, 172 S.W.2d 50.

Appellants objected to the ruling on their motion for a directed verdict on three grounds:

First, they contend that appellee is "estopped" by the deed to Dan Riley. The jury found that the deed had no such effect and that in any event appellee was the owner by the deed of the other heirs.

Second, they contend that Bert had title by adverse possession according to uncontradicted evidence in the record. There was evidence to the contrary, sufficient to take the question to the jury, and this issue was properly submitted.

Third, appellants contend that the record shows that Bert was the owner of at least a one-twelfth undivided interest by inheritance, which he has never conveyed to Icy. This latter ground is also the basis for the objection to the instructions, which did not affirmatively raise the issue of whether Bert had a one-twelfth interest by inheritance. Both of these contentions ignore the fact that the appellee has asserted that Bert had no interest and introduced the 1927 deed to Bert to show that he had agreed to make no claim to Icy's real property at her death. This deed could amount to an advancement under KRS 391.140. The instructions directed the jury to find whether the appellee had a deed from all of Icy's heirs. The verdict was a finding by the jury that Bert did not inherit an interest in the 40 acres. If the appellants desired an affirmative instruction on this point, they should have requested it.

Appellants apparently proceeded to trial on the theory that Bert, under whom they claimed, had become the sole owner by adverse possession after an oral gift from Icy. Having failed to maintain this contention before the jury, they now seek to salvage what they can by raising the issue of Bert's one-twelfth interest as heir on motion and grounds for a new trial.

We believe the jury's verdict had already decided this matter adversely to their contention. If not, it is improper for the appellants for the first time on motion and grounds for a new trial to present a new theory of their defense not presented by the pleadings or instructions.

The judgment of the circuit court for the plaintiff is affirmed.