Varden v. Mount.

————————

CASE 19—PETITION ORDINARY—SEPTEMBER 29.

## Varden v. Mount.

### APPEAL FROM OLDHAM CIRCUIT ·COURT.

1. The ordinance of the trustees of Lagrange, directing the marshal of the town to take into his possession hogs running at large in the town, and sell them without notice to the owner, is not authorized by the town charter.
2. Such an ordinance is plainly unconstitutional, inasmuch as it deprives the citizen of his property without process from some judicial authority. No law can give the marshal power to forfeit and sell property without a judicial investigation.

FRENCH & HARWOOD FOR APPELLANT.

1. The charter of the town of Lagrange confers no power upon its marshal to forfeit and sell hogs running at large in the town.
2. The ordinance is unconstitutional. It authorizes the marshal to take without notice and sell hogs running in the town. It provides for a forfeiture of property without a judicial trial. (Constitution of Ky., art. 13, sec. 12; Acts 1848-9, p. 194; McKee v. McKee, 8 B. Mon., 433; 51 Illinois Rep., 286; 35 N. Y. Rep., 309; 4 La., 97; 29 Miss., 247; 5 Ohio, 384; 22 Mo., 105; 6 S. Car., 404; 17 Wisconsin, 446; Dillon on Corporations, secs. 279, 280, 281, 282, 2d ed.; Angell on Cor., secs. 333, 340, 360, 363; Cooley on Constitutional Lim., 364.)

B. S. ROBBINS FOR APPELLEE.

1. The act of 1848-9 confers upon the trustees of Lagrange the power to pass the ordinance in question.
2. The ordinance is not a violation of the Constitution. It is a case of controlling property for public purposes, and to avoid public injury. (Cooley on Constitutional Lim., 364; 35 N. Y., 307; Sedgwick on Construction of Stat. and Com. Law, 435; Acts 1848-9; McKee v. McKee, 8 B. Mon., 644; Dillon on Municipal Cor., 282; N. C. T. Rep., 158; 6 Ire. (Law), 268.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

This action was instituted by appellant against appellees to recover the value of certain hogs, and damages for taking, alleged to have been converted by appellees. The answer sets up the fact that appellee, J. R. Mount, while marshal of the town of Lagrange, found the hogs in controversy going at large on the streets of said town, and that he caused them to be impounded, advertised, and sold, as it was his duty to do under an ordinance of said town, which reads as follows:

"That it shall be unlawful for hogs to run at large on the streets of said town between the first day of April and the first day of November of each year. Any person permitting their hogs to run at large shall be subject to a fine of one dollar for each and every offense for each hog and pig. It shall be the duty of the town marshal, upon being notified or knowing of hogs being on the streets, to put them in a lot and advertise them for three days, and to offer them at public sale to the highest bidder for cash, and, after paying the expense thereof, to pay over to the rightful owner the balance, if any. Further, the owner of all such hogs or pigs as may be impounded by the marshal shall be responsible for all expenses he may have incurred, and for the simple duty of impounding a hog he shall be allowed fifty cents."

The answer further alleges that appellant had knowledge that the hogs had been taken, was present at the sale, and that appellee offered to return them to appellant on his paying the fees and costs of keeping, which appellant refused to do. The allegations of facts in the answer being taken as true, the action was submitted on the pleadings, and the court dismissed the petition.

The questions presented on this appeal are:

1st. Did the charter of the town of Lagrange authorize the passage of such an ordinance?

2d. Is such an enactment constitutional?

The section of the charter of the town under which this power is attempted to be exercised, reads as follows: "The trustees of said town may enact such ordinances and by-laws providing for good order, health, and comfort among the citizens and in the town generally; for the safety of property, the abatement or prevention of nuisances, and for the convenience of the public good, as may, in their opinion, be necessary or politic." (Session Acts 1848–'9.)

It has been very generally held that the right to adjudge a forfeiture of stock running at large in a city or town, in violation of ordinances forbidding it, should be plainly conferred. In Phillips v. Allen (41 Pa. St., 482), there was an ordinance requiring that baskets used for the sale of fruit and vegetables should have the fractional parts of a bushel, contained in each, stamped thereon, under penalty of being forfeited with the contents. Certain baskets of fruit not thus marked were seized by the clerk of the city market and forfeited. There being no enactment of the Legislature expressly authorizing the forfeiture, an action of replevin was brought, and the court held that, under the authority

to assess fines and enforce penalties, the right to forfeit was not implied, and that the plaintiff should recover.

In White v. Tallman (2 Ducher, 67) it was held that such a power could not be exercised unless expressly granted by an act of the legislature. See also Colter v. Doty (5 Ohio, 398); Dillon on Municipal Corporations, sections 101, 279, and 282.

While such appears to be the weight of authority, in McKee v. McKee (8 B. Monroe, 433) it was held, that under a general grant of power to a council to pass all ordinances that might be deemed necessary or proper for the government of the city, an ordinance providing for the forfeiture and sale of stock running at large was enforceable. In that case, however, the ordinance provided for the empaneling a jury to determine whether the ordinance had been violated, and, upon the jury so finding, the justice before whom the proceeding was had should make an order directing the marshal to sell. So it may be considered that, under the authority of that case, the grant of such power may be reached by implication from the grant of such general powers as indicated.

This brings us to the more important inquiry, whether, when the power to make ordinances providing for a forfeiture of stock can be deduced from the charter, such ordinances, to be valid, should not provide some method by which it can be judicially determined that there has or has not been a forfeiture.

The constitution provides that the citizen shall not be deprived of his property except by the law of the land. The meaning of that provision has generally been construed to be a law that hears before condemning, and arrives at a judgment for the divestiture of the rights of property

through what is ordinarily understood to be judicial pro-
cess—the general rules that govern society in reference to
the rights of property. This is the general rule, and it is
only in extreme cases, when the preservation and repose of
society or the protection of the property rights of a large
class of the community absolutely require a departure, that:
the courts recognize any exceptions. When, for instance,.
it becomes necessary to destroy private property to prevent
the spread of fire or pestilence in a city, or the advance of
an army, the rule is silent, bending to an overruling necessity.

In Poppen v. Homes (44 Ill., 362) the law authorizes the
impounding and sale of stock for penalty incurred by run-
ning at large in the streets of a town, but the court held
that before sale there must be a judicial ascertainment that
the penalty had been incurred. It is said: "A by-law
which authorizes the pound-master to sell property without.
judicial ascertainment that some law has been violated,
would confer upon the pound-master a species of power
never contemplated by the statute, to say nothing of con-
stitutional objections to its exercise."

In Daest et al. v. The People (51 Ill., 286), an ordinance
of the town of Eureka declared all intoxicating liquors, kept
for sale within the limits of the town, a nuisance, and author-
ized the police to remove it beyond the limits of the town..
The police officers finding liquor so kept, broke into the
room where it was stored, removed it beyond the limits of
the town and left it. On an indictment for riot, the officers.
attempted to justify under the ordinance referred to, but it
was held no justification. In the opinion it is said:

"Even if the power were conceded to the town of seiz-.
ing, carrying away, and destroying this man's beer and
spirits, if kept for sale to be drunk within the town, as to

Varden v. Mount.

which we express no opinion, the question not having been argued, yet it certainly cannot be denied. that *such a power could be exercised only by some judicial instrumentality.* . . . . Such proceedings are a violation of the elementary principles of our constitution and laws, and it is unnecessary to enlarge upon this topic. A man's property cannot be seized except. for a violation of law, and whether he has been guilty of such a violation cannot be left to police officers or constables, to determine." (See also Heis v. Town Council of Columbia, 6 Richardson, 404.)

In Whitfield v. Longest, 6 Iredell, 268, relied upon by appellee, this question appears not to have been maturely considered by the court. It is disposed of as follows: " As, to the objection that there is no judicial decision condemning the property to be sold, we think it sufficient, since the owner may, if he chooses, have a full investigation of the case by bringing an action of replevin, as in any other case of distress."

The question is, whether the action of appellees divested the title to the hogs and vested it in the purchaser at the marshal's sale, and that matter may be determined in an action for damages as well as in an action to recover possession of the thing converted. The question is not whether the hogs were at large in violation of the ordinance, but whether the proceedings by which the title was attempted to. be transferred to another were without constitutional sanction, and therefore void. (See Donovan v. The Mayor and. Council of Vicksburg, 29 Miss., 248.)

An ordinance of the city of New Orleans authorized the sale, under the orders of the mayor, of all property which was permitted to remain on the levee for a longer time than the police regulations permit. In commenting on a sale

made under this ordinance, the court says: "The power conferred by the city ordinance in question makes the corporation judges and parties in the same cause, and enables them to enforce a forfeiture and divest the owner of his property without trial in due course of law. We are of the opinion that no such power is conferred by the act of incorporation, and that none such could be constitutionally conferred. . . . . The officers of the corporation in this instance might have removed the encumbrances on the levee at the expense of the proprietor, and they could have resorted to the courts of justice to recover these expenses and the fine imposed by their regulations; but there was no necessity, nor had they any authority, to proceed as they did in this case."

In McKee v. McKee (8 B. Mon.) there was at least the form of a judicial proceeding before divestiture, which distinguishes it from the case under consideration. It was a judicial proceeding *in rem;* beside, the owner, in the language of the opinion, was served with due notice, and he was made a party to the proceeding.

Jarman v. Patterson (7 Monroe, 647) is relied upon by appellees. It will be observed that in that case there was no effort to divest the owner of his property, but only an effort to regulate its use within a limit apparently necessary to the well-being of a society in which the institution of slavery existed.

The power of the legislature, under the constitution, to confer upon municipalities, for police and sanitary purposes, the right to control the use of the property of the citizen in such a way as may be conducive to the public good, and even to enforce a forfeiture by judicial proceedings, when it becomes necessary, is not denied. It is insisted, however, that the right to forfeit without citation and without hearing

can only exist from necessity. That right in this instance should not be extended beyond impounding the hogs. When that is done, the necessity for summary and precipitate action ceases, and judicial proceedings looking to forfeiture may then properly begin. If the ordinance has been violated, appellant may be compelled to pay the fees for impounding and keeping the hogs, but their payment cannot be enforced by forfeiture without judicial determination.

Judgment reversed, and cause remanded, with direction for further proceedings consistent with this opinion.