GREAT NORTHERN RAILWAY COMPANY *v.* STATE OF MINNESOTA EX REL. STATE RAILROAD & WAREHOUSE COMMISSION.

ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 225.   Argued April 16, 1915.—Decided June 14, 1915.

An order of a state railroad commission requiring a railroad company to install and maintain scales amounts to a taking of the company's property; and, if the order is arbitrary or unreasonable, the taking is without due process of law and in violation of the Fourteenth Amendment.

The facts established must be adequate as a matter of law to support a finding of requisite public necessity in justifying an order of a state railroad commission to require a railroad company to expend money —the mere declaration of the commission is not conclusive.

The business of a railroad is transportation and to supply the public

with conveniences not connected therewith is no part of its ordinary duty.

Even though the state railroad commission may have power conferred by statute to require railroad companies to supply necessary demands of the public along their transportation lines, the Commission may only require them to supply such demands as are within the duty of a railroad company.

Where facilities afforded by a railroad company are at certain of its stations outside of its actual duty to supply but produce discrimination, the railroad commission of the State may not absolutely require it to supply such facilities at every station in order to inhibit discrimination; it must give the company the opportunity of discontinuing furnishing the facilities where supplied and thus to avoid discrimination in that manner if it sees fit so to do.

Possessions of a railroad company are subject to its public duty but beyond this and within charter limits, like other owners of private property, the company may control its own affairs.

An order of the Minnesota State Railroad Commission requiring a railroad company to install weighing scales at a station similar to those installed at some of its stations in order to abate discrimination held arbitrary and unreasonable as it did not give the company the alternative right of discontinuing the scales at those stations where they were installed and abating the discrimination in that manner, as the scales while conveniences of the public had no direct part in transportation.

122 Minnesota, 55, reversed.

THE facts, which involve the power of a State Railroad Commission to require a carrier to erect weighing scales at stations, and the validity of an order of the Minnesota Railroad and Warehouse Commission, are stated in the opinion.

*Mr. E. C. Lindley* and *Mr. Sanford H. E. Freund* for plaintiff in error:

The order of the Commission requiring the railway company to install the scales in question for the convenience of stockmen and farmers in connection with private transactions deprives the railway company of its property without due process of law.

Conceding for the sake of argument the authority of the State to exact of the railway company non-discriminatory service, the order in question contravenes the Fourteenth Amendment to the Constitution in that it does not give the railway company the alternative of removing the alleged discrimination against Bertha by withdrawing from the stockmen at Eagle Bend and Hewitt the privilege of the use of stock scales in the transaction of their private business.

In support of these contentions, see *Donovan* v. *Pennsylvania Co.*, 199 U. S. 279; *Mo. Pac. Ry.* v. *Nebraska*, 164 U. S. 403; *Mo. Pacific Ry.* v. *Nebraska*, 217 U. S. 196; *New Mexico Wool Growers* v. *Atchison, Topeka & Santa Fe Ry.*, 145 Pac. Rep. 1077; *Pennsylvania Co.* v. *United States*, 236 U. S. 351; *Oregon R. R. & Nav. Co.* v. *Fairchild*, 224 U. S. 409.

*Mr. Lyndon A. Smith*, Attorney General of the State of Minnesota, with whom *Mr. Alonzo J. Edgerton*, Assistant Attorney General of the State of Minnesota, was on the brief, for defendant in error:

Stock scales are railroad facilities, and therefore the State Railway Commission has authority to order in stock scales.

Authority of Commission should be so interpreted as to sustain its action.

Discrimination existed before and without this order.

Confiscation is never due to ordering devices useful in railroad work.

In support of these contentions see *Atl. Coast Line* v. *Nor. Car. Corp. Comm.*, 206 U. S. 1; *Ayers* v. *Chicago & N. W. Ry.*, 71 Wisconsin, 372; *Chic., R. I. & Pac. Ry.* v. *Nebraska*, 85 Nebraska, 818; *Corporation Comm.* v. *Railroad*, 139 N. Car. 133; *Covington Stock Yards Co.* v. *Keith*, 139 U. S. 128; *Farwell Warehouse* v. *Minn., St. P. & S. Ste. M. Ry.*, 55 Minnesota, 13; *Gladson* v. *G. Nor. Ry.*, 166 U. S. 127;

*Minn. & St. P. R. R.* v. *Minnesota*, 193 U. S. 53; *Mo. Pac. Ry.* v. *Nebraska*, 164 U. S. 403; *Minnesota* v. *Minn. & St. L. R. R.*, 76 Minnesota, 469; *New Mexico Wool Growers* v. *Atchison, T. & S. F. Ry.*, 145 Pac. Rep. 1077; *Railroad Comm.* v. *G. Nor. Ry.*, 124 Minnesota, 533; *Riddle* v. *New York, L. E. & W. Ry.*, 1 I. C. C. 787; *Minnesota* v. *G. Nor. Ry.*, 123 Minnesota, 463; *Minnesota* v. *Nor. Pac. Ry.*, 90 Minnesota, 227; *Washington* v. *Fairchild*, 224 U. S. 510; *Wisconsin &c. R. R.* v. *Jacobson*, 179 U. S. 287.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

An order of the Minnesota Railroad & Warehouse Commission (October 26, 1911) directing the Great Northern Railway Company to erect within forty-five days at least a six-ton scale in its stockyard at the village Bertha, Todd County, was sustained by the Supreme Court of the State (122 Minnesota, 55, 57–58); the cause is here by writ of error; and it is contended that enforcement of order, as promulgated, would deprive the Railway of its property without due process of law contrary to the inhibition of the Fourteenth Amendment. The Supreme Court said:

"At the trial the appellant offered no evidence but rested upon the evidence presented by the respondent and the facts are undisputed. They are in substance as follows: That in the year 1910 stock was shipped in carload lots from 259 of appellant's stations in the State of Minnesota; that the number of carloads so shipped from the different stations varied from one at each of 32 stations to 414 at the station of Jasper; that appellant has installed stock scales, each of six ton capacity, at 54 of these stations; that these scales are located adjacent to the stockyards, but are not adjacent to nor connected with the railway track or buildings; that they are convenient for and are

used by dealers and stock raisers in buying and selling, but no obligation to ship over the railway is imposed by such use; that stock raisers who would otherwise market their stock at Bertha sometimes take it to Hewitt or Eagle Bend, a longer distance, in order to have the use of the scales installed at those places; that such scales tend to draw the stock business to and concentrate it at the places where they are located; that where these scales are available shippers are accustomed to weigh their stock, for their own convenience and information, immediately before loading for shipment, but these weights are not used as a basis for freight charges, nor in any transactions between the shipper and the railway company, nor in sales made at the terminal stockyards; that, after stock is loaded, the carload is weighed at some suitable point upon track scales which are under the supervision of the State, and the freight charges and all the transactions between the shipper and the company are based exclusively upon this weight; and that these stock scales are not used in any manner in the business transacted between the railway company and its patrons.

"The witnesses testifying for respondent insisted that stock scales were a convenience, if not a necessity, in dealing in stock, and that a town having such scales possessed an advantage, as a stock market, over a town that did not, but frankly admitted that these scales had no direct part in the business of transportation, nor in the business of selling at the terminal yards.

"As scales are a convenience and, probably, a necessity in dealing in stock, and tend to cause stock to be collected for shipment at the places where they are available, to the disadvantage of those places where they are not available, and are undoubtedly furnished for the purpose and with the view of securing the transportation of stock from points at which they are located, it is the opinion of a majority of the members of the court that the evidence

submitted, together with the fact that the company considered such scales of sufficient importance to its business to furnish them voluntarily at 54 of its stockyards in this State, is sufficient to support the finding that such scales pertain to the transportation facilities which the commission may require of a railroad and that the refusal to supply such scales to the station in question was a discrimination against it."

Manifestly, if the order is enforced plaintiff in error's property will be taken. Whether this would be without due process of law depends upon the special circumstances.

The applicable principles were announced in *Oregon Railroad &c. Co.* v. *Fairchild,* 224 U. S. 510, 524. A taking of railroad property under administrative regulation must "be tested by considering whether, in view of all the facts, the taking was arbitrary and unreasonable or was justified by the public necessities which the carrier could lawfully be compelled to meet." The facts being established the question then presented is whether as matter of law they are adequate to support a finding of requisite public necessity—the mere declaration of a commission is not conclusive. *Interstate Commerce Commission* v. *Louis. & Nash. Railroad,* 227 U. S. 88, 91; *Florida East Coast Line* v. *United States,* 234 U. S. 167, 185.

It appears from the Supreme Court's findings that six-ton scales installed by the Railway at 54 of its 259 stock-shipping stations in Minnesota were not used in transactions between carrier and shippers. All witnesses declared these instruments had no direct part in transportation or selling at terminal yards but were convenient in stock dealings and a station possessing one had an advantage over the place where none existed.

The business of a railroad is transportation and to supply the public with conveniences not connected therewith is no part of its ordinary duty. The obvious purpose of the challenged order was to enforce installation at Bertha

of a scale like those at Eagle Bend and Hewitt and dedicated to same use. Under admitted facts, unless justified by alleged unlawful discrimination, we think this was an arbitrary and unreasonable exercise of power. It is no answer to say, as counsel do, that the Commission has "general authority to require railroad companies to supply the necessary demands of the public along transportation lines; that it has a right to require the company to build and maintain such facilities as are necessary for the public needs." The demands upon a carrier which lawfully may be made are limited by its duty, and the present record conclusively shows the required structure had no direct relation thereto. See *New Mexico Wool Growers' Association* v. *Atchison, Topeka & Santa Fe Ry.*, 145 Pac. Rep. 1077.

The Railway Company does not presently controvert the finding that scales at Eagle Bend and Hewitt brought about discrimination, but maintains the Commission acted arbitrarily and unreasonably in seeking to eliminate this by peremptorily requiring construction of another without giving opportunity to accomplish the same result through discontinuing the use of those already installed. This contention is sound and must be sustained. Conceding power to inhibit discrimination the Commission could not exercise it unreasonably by needlessly taking property or, what comes to the same thing, obliging incurrence of expense wholly unnecessary. It by no means follows, simply because a railroad voluntarily supplies a convenience at some stations which attracts trade, that it can be commanded positively to do likewise at other places along the line. A railroad's possessions are subject to its public duty but beyond this and within charter limits, like other owners of private property, it may control its own affairs. Discontinuing the use of existing scales would abate the alleged discrimination and probably entail little, if any, outlay. The Commission's order pre-

cluded use of this method to bring about lawful conditions
and therein, we think, was plainly arbitrary and unreason-
able. *Missouri Pacific Railway* v. *Nebraska*, 164 U. S.
403, 417; *Donovan* v. *Pennsylvania Company*, 199 U. S.
279, 293; *Missouri Pacific Railway* v. *Nebraska*, 217 U. S.
196, 206.

The judgment of the court below is reversed and the
cause remanded for further proceedings not inconsistent
with this opinion.

*Reversed.*