## Sevier v. City of Barbourville, et al.

(Decided May 14, 1918.)

### Appeal from Knox Circuit Court.

1. Constitutional Law—Due Process of Law—Municipal Corporations —Nuisance.—A void resolution of a city council declaring a specific building a nuisance and ordering its removal by the owner within a fixed time did not deprive the owner thereof of his property without due process of law.

2. Injunction—Municipal Corporations—Nuisance—Warrants of Arrest.—The issual of warrants of arrest for maintaining a nuisance against the owner of property in a fourth class city is not ground for injunction against members of the city council of such city; the procuring of the warrants being individual acts and, if maliciously done, the remedy at law is adequate.

3. Prohibition—Right to Writ.—The owner of property in a fourth class city arrested under a police court warrant, charging him with maintaining a nuisance prohibited by ordinance prescribing a penalty of $10.00 to $25.00, has the right, under sec. 3513, Ky. Stat., to have any judgment penalizing him reviewed both by the circuit court and the Court of Appeals, and he cannot resort to the circuit court for a writ of prohibition against the police judge to prevent his trial under the warrants.

JOHN H. WELCH, JOHN W. WILSON and DISHMAN & DISHMAN for appellant.

V. C. McDONALD and BLACK & OWENS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant, who was plaintiff below, filed this action seeking to enjoin the city of Barbourville, its mayor,

and members of its board of council from "causing any further warrants to issue against this plaintiff" upon the charge of maintaining a nuisance within the city, or "from any further proceedings against this plaintiff by reason of an order or resolution of the city council declaring his building a nuisance; and for a writ of prohibition against the police judge of the city, prohibiting him from proceeding further against this plaintiff under the warrant already issued against him and from issuing any further warrants against this plaintiff under said charge or from trying this plaintiff on any of said warrants, and that on final hearing it be adjudged that the order or resolution of the city council declaring his building a nuisance is void, and that the judge in issuing the warrant against him was acting beyond his jurisdiction."

From the judgment denying him any part of the relief prayed for, this appeal is prosecuted, but there is no appeal from another and separate judgment rendered herein upon the counter-claim filed by defendants, which does not in any way affect the judgment appealed from, and which resulted from another controversy between the same parties about the same property, hence we will not notice the arguments of counsel for appellant with reference to that matter; nor do we decide, as we are not asked to consider, the propriety of plaintiff seeking in one action an injunction against the mayor and members of the board of council, and a writ of prohibition against the police judge.

Although the warrant upon which appellant was arrested and about which he complains is not in the record and is not clearly defined, it is clear that it was issued under city ordinance No. 120, which is as follows:

"The city council of Barbourville, Ky., do ordain as follows:

"Nuisance defined. Anything which is calculated to be injurious to the health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free use or passage, in the customary manner, of any stream of water, ditch or drainage, or any public square, street or highway in said city, is declared to be a nuisance. Any person guilty of maintaining a nuisance after having 24 hours' notice in writing from the chief of police or from

the local board of health, to abate same, shall be fined not less than ten and not more than twenty-five dollars, and each day said nuisance is maintained or allowed to remain, after said notice, shall be deemed a separate offense.''

It will be noticed the penalty, a fine of not less than $10.00 nor more than $25.00, is not enforcible until the guilty party has failed, after twenty-four hours' notice, to abate the nuisance for which he is responsible. Evidently upon the theory that it was its right and duty under this ordinance to decide whether or not plaintiff's one-story frame building, which had stood some twenty-five or thirty years upon his lot opposite the courthouse square, was a nuisance, the city council, at its meeting held May 19, 1917, upon the complaint of an adjoining property owner who represented that plaintiff had violated his contract to remove the building, that it was unsightly, and that it increased his insurance rate, summarily and without notice to plaintiff, adopted the following order or resolution:

''Motion was made by T. J. Moore and seconded by W. C. Lockhart that the house of Alex Sevier located on the north side of public square next to the building of J. F. Hawn, same is a nuisance and hereby ordered condemned and he is directed and ordered to tear down and remove same by June 1, 1917.''

Plaintiff having been served with a copy of this order by the town marshall and not having complied therewith within the time specified, was arrested upon a warrant issued by the police judge, whereupon he instituted this action, denying that his house was then, or liable to become, a nuisance under the city ordinance defining a nuisance, and alleging that the mayor and members of the city council, actuated solely by a spirit of malice and hatred toward him, had corruptly, unlawfully and maliciously conspired together in declaring his building a nuisance and ordering its destruction, and that, unless restrained, the mayor and members of the city council would cause the police judge to issue warrants for his arrest for each day he failed to obey the order to tear the building down; and that, unless a writ of prohibition was issued against the police judge, he would, under the ordinance and resolution set out above, convict plaintiff and enter a fine and judgment against him for not less than $10.00 nor more than $25.00 for

each and every day that he failed to comply with the order to tear his building down; that the order or resolution declaring his building a nuisance and ordering its removal was void; and that the police judge was without jurisdiction to try him upon the warrant under which he had been arrested or any warrant that might be issued for same offense. The material allegations of the petition were traversed by an answer. There is no proof to sustain any of the allegations of the petition, except the fact that the city council adopted the resolution declaring the building a nuisance and ordering its removal, and that two warrants were issued against plaintiff under ordinance No. 120, upon one of which he had been arrested and was about to be tried.

That plaintiff could not be deprived of his property without due process of law is, of course, true, but the order or resolution of the city council, declaring his building to be a nuisance and ordering him to destroy it, could not by itself deprive him of that right or of his property; and there is no proof that the city, or any of its officials, had done or was threatening to do anything to destroy or harm his premises. Certainly, the city had no right to decide whether or not plaintiff's property was a nuisance, and the order so declaring is void, but all plaintiff had to do to escape injury to his property was to ignore the order as he has done, so this order gave him no right to an injunction. Neither could he be granted an injunction against the city officials, if, as a result of his refusal to comply with this void order, they procured the issuance of the warrant charging him with maintaining a nuisance in violation of ordinance No. 120, because, if the city officials or any of them did cause the warrant to issue, it was the act of individual or individuals and, if maliciously done, he had an adequate remedy at law. There remains only his right to a writ of prohibition against the police judge to prevent a trial by him of plaintiff upon the warrant, which is the only threatened or impending action against him or his property shown by the proof. This writ is authorized by a circuit court to control the action of an inferior court only when the latter is acting, or about to act, without jurisdiction, and only then when there is no adequate remedy by appeal or otherwise. Section 25, Criminal Code, Western Oil Refining Co. v. Wells, 180 Ky. 32. That the police judge had jurisdiction in this

matter and plaintiff a right to a review of any judgment therein by appeal to the circuit court and thence to the Court of Appeals is apparent from the following sections of Kentucky Statutes, which are portions of the charter of the cities of the fourth class, to which Barbourville belongs.

Section 3490, sub-section 7, Kentucky Statutes, grants to the board of council of cities of the fourth class the power to "define and declare by ordinance what shall be a nuisance within the limits of the city and to punish by fine any person for causing or permitting a nuisance." This power is not, however, a power to declare a given thing or a particular piece of property a nuisance, as was attempted in the order or resolution adopted May 19, 1917, but is authority to define in general terms, applicable to all, what shall constitute a nuisance as attempted at least in ordinance 120. Section 3513, grants to the police judge of such cities, "exclusive jurisdiction of all offenses or causes arising out of ordinances enacted by council for the enforcement of the powers granted them by law." Section 3519, provides in part, "in cases where fines of twenty dollars or less are imposed or authorized under ordinances, the legality of such ordinances may be tested by either party by an appeal to the circuit court of the county," and thence to the Court of Appeals.

Clearly, under these statutory provisions, which it should be noted afford a radically different method for testing an ordinance from that prescribed in cities of other classes, plaintiff had an adequate remedy at law to test the validity of these ordinances upon a trial under the warrants upon which he was arrested; and it is equally clear that the police judge had jurisdiction to try the plaintiff under the warrants, and plaintiff, being given the right to have any judgment against him reviewed upon appeal, was not entitled to a writ of prohibition against the police judge.

It is apparent, therefore, that whether ordinance No. 120 is valid, and whether the condition of appellant's property is such as to amount to a violation of that ordinance if valid are questions that are not now before us and about which we express no opinion.

Wherefore, the judgment is affirmed.