# City of Corbin et al. v. Hays et al.

(Decided May 17, 1932.)

HIRAM H. OWENS for appellants.

STEPHENS & STEELY for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

The board of commissioners of Corbin, a city of the third class, operating under the commission form of government adopted an ordinance on May 5, 1931, which with formal parts omitted, reads:

"That any public building, the conduct in and around which constitutes a nuisance, shall be closed by the Board of Commissioners by an ordinance merely declaring the closing of said building because the same has become a public nuisance.

"A building shall become a public nuisance and be subject to be closed by the Board of Commissioners, when any one of the following conditions exists, goes on, or is permitted either with or without the consent of or knowledge of the owner, lessee or operator of said building or place of business, to-wit:

"1. Any place where money is bet, won or lost in any form.

"2. Any place where known 'bootleggers' gather.

"3. Any place where Slot Machines are kept, the slot machine herein referred to herein are the same as denounced by Kentucky Statutes, sec. 1376s-1.

"4. Any place in which exists any of the violations mentioned in Kentucky Statutes, sec. 1960.

"5. Any place where people congregate and commit any violation of the laws of the State of Kentucky, the U. S. Government or the City of Corbin, or by drinking, or quarreling, or fighting.

"6. Any place where there is any disorderly conduct. By disorderly conduct is meant any conduct that is not orderly; if it is orderly it is not disorderly and if it is disorderly it is a nuisance.

"7. Any place so conducted that a respectable person would hesitate to enter, though on legitimate business.

"Be it further provided that although a privilege license may have been secured to operate a place of business in the City of Corbin, should the said place be closed as herein provided the balance of the unused privilege license shall be forfeited and no claim shall be allowed by the Board of Commissioners for any part of the said unused privilege license, as no privilege license is granted for the doing of any of the things herein denounced.

"When any place of business has been closed by the Board of Commissioners because of it being a public nuisance it shall not be again re-opened by the same, or any other person for the conducting of the same kind of business being carried on at the time of the closing of the same."

On the same date the board of commissioners adopted another ordinance which, omitting formal parts, reads:

"That because of the conduct going on and being permitted to go on at the Past Time Pool Room on Railroad Street being operated by John Hays the same has become a public nuisance, and that within 10 days after the final passage of this ordinance the said Past Time Pool Room shall be closed, and shall not again be re-opened by the said John Hays or any other person for the purpose of operating therein a pool room or Billiard Hall.

"That it shall be the duty of the Police Department, on the expiration of the said ten days after the final passage of this ordinance to close up the said building where the said Past Time Pool Room is now being operated and should there be any resistance on the part of the owner or operator or

any other person to the closing of said building, he or they or any other person aiding or assisting in the resistance they shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of $100.00, and thirty days in jail and the police department shall summons such assistance as may be necessary to close the said place of business, and any attempt on the part of the owner or operator of said place to re-open the same they shall be punished as hereinabove provided and shall be placed under a bond to keep the peace in the sum of not less than $1,000.00, nor more than $5,000.00, in the discretion of the court.''

Acting solely under the authority attempted to be granted by the latter ordinance, the city authorities forcibly ejected the lessees and tenants from the building, took charge of it and its contents, locked the doors, and have prevented lessees and tenants from re-entering or conducting business therein.

B. Holcomb and P. Fuson had leased the building for a term of years, and they had in turn leased it with contents consisting of pool room equipment, lunch counter, etc., to John Hays, and these parties joined in this action against the city, the board of commissioners, and chief of police, and alleged, in substance, the foregoing facts and items of damage resulting to them by the acts of defendants, and, in addition to prayer for a sum in damages, they ask for an order of mandamus compelling defendants to restore their property to them.

In addition to a denial of certain allegations of the petition, defendants set up and rely on the ordinances and alleged acts and conduct permitted in the building by plaintiff as authorizing the acts complained of and as a defense to the cause of action attempted to be asserted by plaintiffs.

Motion for mandamus submitted upon the pleadings and affidavits offered by respective parties was sustained, and it was ordered and directed that defendants immediately remove the lock and other barriers from the building and restore same with contents to plaintiffs, but the questions of damage were expressly reserved. From the order granting writ of mandamus, defendants have appealed.

As grounds for reversal it is argued that the petition does not state a cause of action for mandamus and that the evidence is not sufficient to warrant the order of the court.

While it is argued in brief for appellant that the demurrer to the petition as amended should have been sustained, it is stated in conclusion that reversal on technicalities is not desired, and a willingness is expressed to waive defects in pleadings in order that the right of municipalities to make and enforce such ordinances may be definitely determined. While of the opinion that in form the petition meets technical requirements of good pleading, we deem counsel's waiver of that question, justification for dismissing it without further elaboration.

As we view it, the sole question presented is: Whether the board of commissioners may by ordinance declare a building to be a public nuisance, summarily eject the occupants, take charge of the building and its contents, and lock same so as to deprive the owner or his lessee or tenant of the possession or use thereof? Counsel for appellants frankly admit their inability to find a case directly in point. They do, however, cite some cases from this and other jurisdictions which they assert apply by analogy. They also cite subsections 14, 16, and 24, of section 3290, Ky. Statutes, relating to governments of cities of the third class as conferring on the city authorities the power attempted to be exercised in this instance. The introductory part of that section reads: "The common council of each of said cities shall, within the limitations of the Constitution of the state and this act, have power by ordinance"—and then by subsections sets out certain powers granted. Subsections 14, 16, and 24 provide, in substance, that the city may adopt ordinances having as their purpose the protection of the general health, convenience, comfort, morals, and safety of the public and for the suppression and removal of nuisances.

The Fourteenth Amendment of the Constitution of the United States among other things provides: "Nor shall any State deprive any person of life, liberty, or property, without due process of law."

As a matter of course the power conferred upon the commissioners or common council of cities may not be exercised in contravention of any provision of the Fed-

eral or State Constitutions. The protection afforded by that provision of the Federal Constitution applies whether the legislative power of the state is exerted by act of the Legislature or act of any subordinate instrumentality, such as ordinance of the city or an order of a commission. Standard Computing Scale Co. v. Farrell, 249 U. S. 571, 39 S. Ct. 380, 63 L. Ed. 780; Great Northern Ry. Co. v. Minn., 238 U. S. 340, 35 S. Ct. 753, 59 L. Ed. 1337; North America Cold Storage Co. v. Chicago, 211 U. S. 306, 29 S. Ct. 101, 53 L. Ed. 195, 15 Ann. Cas. 276.

In the case of Varden v. Mount, 78 Ky. 86, 39 Am. Rep. 208, it appears that the trustees of a town had enacted an ordinance authorizing the town marshal to take possession of hogs running at large and sell them without notice or hearing to the owner. The section of the statute under which the powers attempted to be exercised in that case is in substance the same as the provisions of the statute relied on by appellants. In the course of the opinion it was pointed out that in the case of McKee v. McKee, 8 B. Mon. (47 Ky.) 433, it was held that an ordinance providing for the forfeiture and sale of stock running at large was enforceable, but that in that instance the ordinance directed the impaneling of a jury to determine whether its provisions had been violated, and provided that, if the jury should find it had been violated, the justice before whom the hearing was had should properly direct the sale. The ordinance was held to be unconstitutional on the ground that it deprived citizens of their property without due process of law, and in discussing the meaning of that provision it was said:

"The meaning of that provision has generally been construed to be a law that hears before condemning, and arrives at a judgment for the divestiture of the rights of property through what is ordinarily understood to be judicial process—the general rules that govern society in reference to the rights of property. This is the general rule, and it is only in extreme cases, when the preservation and repose of society or the protection of the property rights of a large class of the community absolutely require a departure, that the courts recognize any exceptions. When, for instance, it becomes necessary to destroy private property to prevent the

spread of fire or pestilence in a city, or the advance of an army, the rule is silent, bending to an over-ruling necessity.''

The cases of Security Ins. Co. v. Rosenberg, 227 Ky. 314, 12 S. W. (2d) 688, and the North America Cold Storage Co. v. Chicago, supra, cited and relied on by counsel for appellants, are dealing with cases where the public health and safety of the citizens is concerned, such as destruction of foods unfit for human consumption and the razing of walls or a partly burned building which may be dangerous to life and safety. The distinction between cases of that character and cases similar to the one here is clearly drawn in the Cold Storage Co. case. The protection of life, health, and safety of citizens sometimes requires and justifies immediate and extreme measures, but questions affecting the peace, morals, etc., must await the orderly processes of the courts.

In Sevier v. City of Barbourville, 180 Ky. 553, 204 S. W. 294, 295, L. R. A. 1918F, 1128, a citizen was seeking to enjoin the enforcement of an order or resolution of the city council declaring a building which he owned to be a nuisance and directing him to tear down and remove same. The city had adopted an ordinance defining and providing for abatement of nuisances. The relief sought was denied because of absence of any showing that the city officials were threatening to do anything to destroy or harm the property, and all the owner had to do avoiding injury to his property was to ignore the order or resolution. In the opinion it was said:

> ''That plaintiff could not be deprived of his property, without due process of law is, of course, true, but the order or resolution of the city council, declaring his building to be a nuisance and ordering him to destroy it, could not, by itself, deprive him of that right or of his property; and there is no proof that the city, or any of its officials, had done or was threatening to do anything to destroy or harm his premises. Certainly, the city had no right to decide whether or not plaintiff's property was a nuisance, and the order so declaring is void, but all plaintiff had to do to escape injury to his property was to ignore the order as he has done, so this order gave him no right to an injunction.''

But in this case an entirely different situation is presented. The city authorities have not only threatened to invade the property rights of a citizen, but without authority other than their own ordinance have caused the threat to be carried into execution.

Proof and argument as to the character of place closed by authorities is beside the question. Granting all said to be true, it is still a question of method and not of necessity of correction.

Clearly the acts complained of come within the prohibition of the quoted provision of the Fourteenth Amendment and are contrary to a proper conception of that essential principle of free government expressed thus in section 2 of our Constitution:

"Absolute and arbitrary power over the lives, liberty and property of freemen exists nowhere in a republic, not even in the largest majority."

It appearing that the petition states a cause of action and that appellees were entitled to the relief granted by the order appealed from, the judgment is affirmed.