## City of Paducah et al. v. Hook Amusement Co., Inc.

(Decided Dec. 21, 1934.)

W. V. EATON for appellants.

R. L. MYRE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming in part and reversing in part.

On September 28, 1934, the board of commissioners of the city of Paducah passed the following ordinance:

"An Ordinance declaring walkathons, dance marathons and other endurance exhibitions to be public nuisances and providing for abating the same in the City of Paducah, Kentucky.

"Be it ordained by the Board of Commissioners of the City of Paducah, Kentucky:

"Section 1. That Walkathons, Dance Marathons and other Endurance Exhibitions are hereby declared to be public nuisances in the City of Paducah, Kentucky and the City Manager is hereby authorized and empowered to suppress and abate the same and to that end he may cause the Chief of Police and all Police Officers to close, take possession of or suppress the same and in his discretion destroy such property and equipment employed therein as may be necessary for the suppression or closing thereof. This action of the Chief of Police and all Police Officers, herein required in abating and suppressing Walkathons, Dancing Marathons and other Endurance Exhibitions, shall be summarily administered. And said officers, for the purpose of

enforcing this section, may enter upon any private property.

"Section 2. Walkathons, Dance Marathons and other Endurance Exhibitions, as herein referred to and described, are hereby declared to be detrimental to the public morals, health and safety and to constitute public nuisances.

"Section 3. This ordinance shall be in full force and effect from and after its adoption."

The Hook Amusement Company owns real estate in the city of Paducah on which it operates an amusement park wherein dances, wrestling matches, and other public exhibitions, including walkathons and marathons, are conducted, and holds a license from the city for which it paid $250 authorizing it to conduct its various forms of amusement. On September 17, 1934, it entered into a written contract with the National Walkathon Association whereby that company leased the right and privilege beginning October 1, 1934, to stage, promote, or operate a marathon or walkathon contest on its property. After that was done the foregoing ordinance was passed. Alleging the foregoing facts, and the further fact that the ordinance was void on several grounds, and that the city manager and police officials were threatening to enter upon and destroy its property without due process of law, the Hook Amusement Company brought this suit against the city of Paducah, its commissioners and other officials, to have the ordinance declared void, and to enjoin the enforcement of the ordinance. After their special and general demurrer had been overruled, defendants filed an answer denying the allegations of the petition. The case was submitted on the pleadings, and on final hearing the court adjudged that the ordinance was null and void and the defendants were without right or authority to enforce or attempt to enforce the same, but denied a permanent injunction on the ground that defendants in their answer had disavowed any intention of going upon plaintiff's property to destroy same. From that portion of the judgment declaring the ordinance to be null and void the defendants have appealed, and from so much of the judgment as denies a permanent injunction plaintiff has appealed.

The city and its officers insist that the ordinance is valid not only under the general police power of the city, but under section 3058-1, Kentucky Statutes, conferring on the general council or commissioners of

cities of the second class the power "to regulate or prevent the carrying on of any business which may be dangerous or detrimental to the public health," and "to declare, prevent and abate nuisances on public or private property, and the causes thereof." On the other hand, appellee relies upon the rule that the Legislature cannot declare, or authorize a municipality to declare, that to be a nuisance which, in fact, is not a nuisance, City of Dayton v. South Covington & C. St. R. Co., 177 Ky. 202, 197 S. W. 670, L. R. A. 1918B, 476, Ann. Cas. 1918E, 229; Commonwealth v. Phoenix Amusement Co., 241 Ky. 678, 44 S. W. (2d) 830; Crossman v. Galveston, 112 Tex. 303, 247 S. W. 810, 26 A. L. R. 1210; and insists that in the very nature of things an endurance exhibition, which includes nearly every kind of sport, is not of itself dangerous or detrimental to the public health, public safety, or public morals. Whether, in the absence of a definition of a walkathon or a marathon, and of the facts and conditions leading up to the enactment of the ordinance, it could be said that a walkathon or a marathon is not a nuisance, we deem it unnecessary to decide. The general rule is that an ordinance authorizing the destruction of private property without an opportunity to be heard, except in cases of overruling necessity, such as the prevention of fire, pestilence, or the consumption of foods unfit for human consumption, and the like, deprives one of his property without due process of law within the meaning of the Fourteenth Amendment to the Federal Constitution, and is therefore invalid. City of Corbin v. Hays, 244 Ky. 33, 50 S. W. (2d) 31; Varden v. Mount, 78 Ky. 86, 39 Am. Rep. 208. It follows, therefore, that that portion of the ordinance authorizing the police of the city to take possession of and summarily destroy the property and equipment employed in conducting the exhibition is invalid. Furthermore, the board of commissioners did not provide a penalty for the violation of the ordinance, but contented itself with providing for an abatement of the nuisance and the destruction of the property, thus presenting a case where the whole of the ordinance must fail for the reason that the valid and invalid provisions are so dependent on each other as to warrant the belief that the board of commissioners would not have enacted the ordinance unless all of its provisions could be carried into effect. Neutzel, Clerk, v. Williams, 191 Ky. 351, 230 S. W. 942; Gibson v. Commonwealth, 209 Ky.

101, 272 S. W. 43. It follows that the court did not err in adjudging the ordinance void.

On the cross-appeal it is insisted that the court erred in not granting appellee a permanent injunction. The injunction was refused on the ground that the city officers disclaimed any intention to take possession of and destroy appellee's property. We are not disposed to approve this ruling. An ordinance authorizing the summary destruction of one's property by a municipality stands as a constant threat. Though the identity of the municipality does not change, its officers are not always the same. Though the present officers may not intend to enforce the ordinance, their successors may not be so favorably inclined. Clearly appellee should not be required to bring another action which might not be in time to prevent the destruction of his property. We are therefore constrained to the view that the court should have put the whole matter at rest, and have permanently enjoined the enforcement of the ordinance.

On the original appeal the judgment is affirmed. On the cross-appeal the judgment is reversed and cause remanded, with directions to enter judgment in conformity with this opinion.

Whole court sitting.