## Morgan County v. Governor of Kentucky et al.

Oct. 14, 1941.

As Extended on Rehearing Dec. 9, 1941.

534

Ernest Woodward and R. Vincent Goodlett for appellant.

Wm. H. Crutcher, Jr., for movant.

Hubert Meredith, Attorney General, and M. B. Holifield, Assistant Attorney General, for appellees.

S. S. Willis, amicus curiæ.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

Pursuant to the terms of the County Debt Act, Section 938q-1, Statutes Supp. Morgan County petitioned the state local finance officer to approve the issuance of $108,000 road and bridge refunding bonds in accordance with an order of the fiscal court. The amount is the balance of an aggregate of $170,000 voted in 1922, the fifth and last $50,000 of which were issued July 1, 1926. After a partial hearing before the state local finance officer the county attorney of Morgan County as a citizen and taxpayer filed a protest in which he raised an issue as to the validity of the last $50,000 of the original bonds. Further evidence was presented, all of which pertains to the records of the county. The local finance officer approved the issuance of refunding bonds, but the County Debt Commission (Section 938q-3, Statutes) upon advice of the Attorney General disapproved them to the extent of $11,000. An appeal was taken by the county to the Franklin Circuit Court, (Section 938q-4) Statutes, which confirmed the finding of the commission, and from that judgment this appeal has followed.

A motion has been filed in this court by the State Finance Company of Maysville to dismiss the appeal and remand the case because no bondholder was a party to the proceedings, and the bondholders were not represented. The movant discloses that it owns six bonds of the issue of July 1, 1926, and other road and bridge bonds of Morgan County sought to be included in the refunding. The motion alleges that evidence as to certain matters could have been introduced which would have required a finding that the entire issue of bonds is valid.

The case presents important questions of law affecting not only the Morgan County bonds particularly involved, but bonds of many other counties. Whatever our decision may be on the merits, it would not affect

the rights of the owners of bonds of Morgan County, particularly those of the 1926 issue. The bondholders would not be bound by the decision, for the judgment would not be res adjudicata as to them. Anderson v. Gillis, 242 Ky. 404, 46 S. W. (2d) 508; Hale v. Fiscal Court of Fulton County, 282 Ky. 475, 138 S. W. (2d) 937. The provision of Section 839q-4 of the Statutes that the decision of the state local finance officer or of the commission as to the legality of a bond issue ''shall be res adjudicata in any subsequent case or cases raising such question of legality,'' is construed to mean ''final'' in respect to the finding of fact by the administrative officers. County Debt Commission v. Morgan County, 279 Ky. 476, 130 S. W. (2d) 779. The provision cannot be held constitutional as it relates to rights of bondholders not represented, for it invades the power of the judicial department of the government, (Section 27, Kentucky Constitution), and offends the due process clauses of the State and Federal Constitutions. Section 14, Constitution of Kentucky; 14th Amendment, Constitution of the United States. Allison v. Louisville, H. C. & W. Ry. Co., 72 Ky. 247, 9 Bush 247; Burton v. Mayer, 274 Ky. 263, 118 S. W. (2d) 547; Board of Levee Commissioners v. Johnson, 178 Ky. 287, 199 S. W. 8, L. R. A. 1918E, 202; City of Paducah v. Hook Amusement Co., 257 Ky. 19, 77 S. W. (2d) 383; 16 C. J. S., Constitutional Law, Sections 567, 569, pp. 1143, 1153.

It is true there is no specific provision in the County Debt Act requiring that bondholders be made parties personally or by representation to the proceedings which, until they reach the court by appeal, are administrative and not judicial. But it is provided that ''any party having a material interest shall have an opportunity to be heard and to present evidence.'' And any interested party may appeal from the decision of the officer to the commission, and from the commission to the courts, (Section 938q-4, Statutes). Notice and an opportunity to be heard and defend are the essentials of due process, 12 Am. Jur. ''Constitutional Law,'' Section 573. We think it is contemplated by the statute that holders of bonds whose rights may be affected shall be parties to the proceeding particularly on refunding, or as the statute calls it, the ''re-issue'' of outstanding bonds. Yet it is not provided how that shall be done.

However, it is provided that on an appeal to the

Franklin Circuit Court the case "shall be heard and decided as in the case of a declaratory judgment, except that all findings of fact of the Commission shall be final if supported by any substantial evidence." The Declaratory Judgment Act (Section 639a-1 et seq., Civil Code of Practice) is itself confined to the declaration of rights where an actual controversy exists between the parties to the action, but the County Debt Act does not state that the appeal from the decision of the County Debt Commission shall be deemed to be an action for the declaration of rights under it. It merely provides that the appeal shall be decided in the same manner or way. We construe this to include the authority of the circuit court under Section 639a-9, Civil Code, to have brought into the proceeding as parties all persons "who have or claim any interest which would be affected," or to decline to determine the matter. Ex parte Hirsch's Committee, 245 Ky. 132, 53 S. W. (2d) 211. Furthermore, independent of the Declaratory Judgment Act, it is provided in Section 28 of the Civil Code that if the court cannot determine the controversy between the parties before it without prejudicing the rights of others, the court must require such persons to be made parties or dismiss the action without prejudice. Under either practice, the court should not decide an appeal from the action of the County Debt Commission that would prejudice the rights of bondholders. While the decision would not be res adjudicata as to them, as a practical matter it might prejudice their rights.

Inasmuch as the judicial approval or disapproval of a ruling of the County Debt Commission may involve a common or general interest of many persons, or the parties may be numerous and it is impracticable to bring all of them before the court within a reasonable time, one or more substantial holders of the bonds affected may be permitted to represent the class. Black v. Elkhorn Coal Corporation, 233 Ky. 588, 26 S. W. (2d) 481.

The provision of the County Debt Act, (Section 938q-4, Statutes), that on the trial in the circuit court the finding of fact of the County Debt Commission shall be final if supported by any substantial evidence can have no application to a party brought into the proceedings there, otherwise it would deny him due process. He should, therefore, be given an opportunity to submit additional evidence. Orderly procedure requires that the

Commission consider and pass upon that evidence. Hence the court should remand the case to the Commission for that purpose.

To sustain the motion of the State Finance Company of Maysville to dismiss the appeal would leave the judgment standing as if it were affirmed; hence, the motion to dismiss is overruled.

The judgment is reversed and remanded for further proceedings consistent with this opinion.

The Whole Court sitting, except Judge Rees.