K. V. JOHNSON, doing business under the trade name of K. V. Johnson Construction Company, Appellant,

v.

RUBY LUMBER COMPANY, etc., Appellee.

Court of Appeals of Kentucky.

Dec. 17, 1954.

Rehearing Denied May 13, 1955.

Allen, McElwain, Dinning & Clarke, Louisville, Lawrence B. Finn, Bowling Green, for appellant.

Coleman, Harlin & Orendorf, Bowling Green, Gordon, Gordon & Mills, Madisonville, for appellee.

CLAY, Commissioner.

This suit was brought by appellee, Ruby Lumber Company, for a declaration of rights and for consequential relief. In substance it was alleged appellee had become liable for and had paid workmen's compensation to one of its employees whom it claimed was injured through appellant's negligence. Appellant was the principal contractor on a road construction job, and appellee was a subcontractor. The action was based on a common law right of indemnity rather than on any right given by the workmen's compensation statute. It was practiced under the former Civil Code.

A general demurrer to the petition was sustained, but the judgment based thereon was reversed by this Court in Ruby Lumber Co. v. K. V. Johnson Co., 299 Ky. 811, 187 S.W.2d 449, 166 A.L.R. 1215. Upon return of the case additional pleadings were filed and the action was tried on the merits. The trial court entered a money judgment for appellee. We are called upon to reverse this judgment on the ground that appellee was not the real party in interest entitled to recovery because its insurance carrier had actually paid the compensation.

Throughout the course of these proceedings the fundamental question involved has been the liability of a principal contractor, proven negligent in injuring an employee of a subcontractor, to reimburse the party who has paid workmen's compensation to the injured employee. On the first appeal the principal issue was whether or not the workmen's compensation statutes foreclosed the right of indemnity. We decided that under the common law, exclusive of statute, a subcontractor had the right to recoup to the extent of compensation for which he became liable under the Workmen's Compensation Law.

Upon return of the case a significant fact was injected by pleading and stipulation. It was that appellee's insurance carrier, not the appellee, had paid all of the compensation to appellee's employee. The point was raised by appellant in its answer that the insurance carrier was the real party in interest, but at no time did appellant file a special demurrer to the petition or a plea in abatement, nor did it move to make the insurance company a party to the suit. As before suggested, however, this suit was practiced and heard on the merits of: (1) whether or not appellant's liability could exist as a matter of law, and (2) whether or not his liability did exist because of negligence.

▇▇ Upon this appeal appellant now takes the position that since this was a suit for common law indemnity, no money judgment could properly be entered for appellee because of the fact that it had suffered no loss. We may accept the argument that in a true suit for indemnity an actual loss rather than liability is an essential part of the cause of action. Miles v. Southeastern Motor Truck Lines, Inc., 295 Ky. 156, 173 S.W.2d 990; 42 C.J.S., Indemnity, § 24, p. 602. It may be pointed out that in the former opinion the question of actual loss or damage was not discussed, and that opinion could be construed to hold that liability, even without payment, was sufficient to constitute a cause of action. However that may be, we are inclined to accept appellant's insistence upon the necessity for loss insofar as recovery is concerned.

▇▇ We cannot, however, accept appellant's argument that the absence of the insurance company as a party to this suit constitutes a defense to the action or re-

lieves it of liability. Insofar as the declaratory judgment aspect of this case is concerned, appellee was the real party in interest at the time the suit was filed. The real question for determination presented was whether or not appellant would be liable if appellee paid the compensation imposed upon it by statute. At the time the suit was filed it was not known what amount would eventually be paid the employee. The subsequent development that the payments were actually made on appellee's behalf by its insurance carrier could be considered a transfer of interest by appellee under Section 20 of the Civil Code of Practice during the pendency of the action. That section specifically authorizes the continuance of the action in the name of the assignor.

▉ In addition, at least insofar as the declaratory aspect of the proceeding is involved, appellant must be held to have waived the defect of parties if such existed because he did not present the question in the proper manner under the Civil Code. Phillips v. Reed, Ky.1953, 258 S.W.2d 503.

It is apparent the trial court treated this case as being practiced for the benefit of the insurance carrier. The court specifically set forth in its findings of fact that the compensation payments had been made by the insurance carrier and not by appellee. The real issue tried was whether or not appellant could and should be subjected to a liability of this nature, rather than who was entitled to the benefit of a recovery.

The court's conclusions of law in effect constituted a declaration of rights, and a judgment determining the liability of appellant to the party paying the compensation would have been proper.

▉ It seems to us, however, that insofar as recovery of money was allowed the appellee, the judgment is erroneous, for it had paid out nothing for which it ▉

should be indemnified, and the insurance carrier should have been made a party to this suit. The same principles which would entitle appellee to recover if it had paid the compensation would apply to the insurance company. The governing principle is thus stated in 42 C.J.S., Indemnity, § 21:

"It is a well-recognized rule that an implied contract of indemnity arises in favor of a person who without any fault on his part is exposed to liability and compelled to pay damages on account of the negligence or tortious act of another, the former having a right of action against the latter for indemnity, * * *. It exists independently of statute, and whether or not contractual relations exist between the parties, and whether or not the negligent person owed the other a special or particular legal duty not to be negligent."

This principle was quoted and followed in the first appeal of this case. It is apparent the insurance company would be within the scope of the rule and would be entitled to recover the amount erroneously allowed appellee.

▉ Because of the indemnity feature of this lawsuit, and the fact that the insurance company actually suffered the loss, it was an indispensable party to the recovery phase of the proceeding, and it should have been joined as a party plaintiff. This the court should have ordered under Section 28 of the Civil Code of Practice. See Forepaugh, Bishop, etc., v. Appold & Sons, 56 Ky. 625, and Morgan County v. Governor of Kentucky, 288 Ky. 532, 156 S.W.2d 498.

The judgment is reversed with directions to require appellee's insurance carrier to be made a party to this action, and for the entry of judgment consistent with this opinion.