Bettye **HYDE**, Plaintiff,

v.

Joseph **CARDER** and Dorothy Carder, Defendants.

**NEHI–ROYAL CROWN BOTTLING & DISTRIBUTING COMPANY, Inc.**, Defendant and Third-Party Plaintiff,

v.

**LAURENS GLASS COMPANY**, Chattanooga Glass Company and Owens-Illinois, Inc., Third-Party Defendants.

**No. 1411.**

United States District Court,
W. D. Kentucky,
Bowling Green Division.

April 3, 1970.

B. M. Vincent, Brownsville, Ky., Hatcher & Lewis, Elizabethtown, Ky., for plaintiff Hyde.

Bell, Orr & Reynolds, by Charles H. Reynolds, Bowling Green, Ky., for defendants Carder.

Mayer, Cooper & Kiel, Louisville, Ky., Marshall Funk, Bowling Green, Ky., for defendant and third-party plaintiff Nehi-Royal Crown.

William J. Parker, Bowling Green, Ky., for third-party defendant Laurens Glass Co.

William J. Rudloff, Bowling Green, Ky., for third-party defendant Chattanooga Glass Co.

Richardson, Barrickman & Dickinson, Glasgow, Ky., for third-party defendant Owens-Illinois, Inc.

## MEMORANDUM

SWINFORD, District Judge.

This case has been removed by the third party defendants from the Edmonson Circuit Court, and the plaintiff has made a motion to remand in accordance with 28 U.S.C.A. section 1447(c).

The plaintiff, Bettye Hyde, sustained injuries when a bottle furnished by defendant grocery store owners Joseph and Dorothy Carder and distributed by defendant Nehi-Royal Crown Bottling & Distributing Company exploded. The plaintiff and defendant store owners are citizens of Kentucky and the defendant Nehi-Royal Crown Bottling & Distributing Company is incorporated in Kentucky with its principal place of business in Kentucky.

Nehi-Royal Crown Bottling & Distributing Company impleaded Laurens Glass Company, Chattanooga Glass Company and Owens-Illinois, Inc. as third party defendants alleging that they were negligent in manufacturing the bottle, and breached an implied and express warranty of fitness. All of the third party defendants are foreign corporations.

There is an absence of diversity or other basis for jurisdiction between the original parties, consequently removal cannot be supported solely on the diversity of the third party litigants. Accordingly the third party defendants advocate that the propriety of removal is found within the auspices of 28 U.S.C.A. Section 1441(c) which provides that:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

If a removable claim is shown to be "separate and independent" then the entire case can be brought in the district court. This provision and its predecessor have been the focal point of frequent litigation and careful scrutiny. Section 71, 28 U.S.C., supplanted by Paragraph (c) of Section 1441, authorized the removal of what were construed to be "separable controversies".

■ A separable controversy is one which is a part of the entire controversy, yet by its nature can be severed from the whole; it is, at the outset, an integral part of the whole, but capable of being segregated from it. See Brown v. Hecht Co., D.C., 78 F.Supp. 540, 544 (1947). The words "controversy * * * wholly between citizens of different states" (understood to mean separable controversy) were replaced by "separate and independent claim" in the current statute. A separate and independent claim would appear to be one which is not originally a part of the whole. The distinction between separate and separable is indeed nebulous, but the intent of Congress is clear. The purpose of 28 U.S.C.A. 1441(c) is to restrict the right to remove, and to make the question of removability readily determinable. American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L. Ed. 702 (1951). "Separate" is defined as "distinct; apart from; not united or associated" while "independent" is said to mean "not resting on something else for support * * * not contingent or conditioned". See Snow v. Powell, 189 F.2d 172 (19 Cir., 1951).

■ The third party defendants contend that the ancillary controversy is based upon the common law right of indemnification as suggested in Johnson v. Ruby Lumber Company, Ky., 278 S.W.2d 71, and that such a controversy constitutes a separate and independent claim. However, the issue of indemnification is dependent upon the determination of liability between the original parties. The third party defendants' liability, if any, is derived from the original defendants' liability. The amount for which the third party defendants may be held cannot be divined until liability is fixed between the original litigants.

Third party defendants cite Wayrynen Funeral Home, Inc. v. J. G. Link & Company, D.C., 279 F.Supp. 803 (1968) as authority for removal in the present case. In that case the primary action was based on negligence, while the third party claim was based on a refusal to undertake the defense of the defendant. The third party action was separate and independent of the negligence claim. There was a viable claim between the third party plaintiff and third party defendant which was not dependent upon the affirmative adjudication of the negligence action.

The third party claim in the present case does not come within the purview of 28 U.S.C. section 1441(c), and the case having been improvidently removed should be remanded. This ruling is confirmed by Coleman v. A & D Machinery Co., D.C., 298 F.Supp. 234 (1969).

An order sustaining the motion of the plaintiff to remand to the Edmonson Circuit Court is this day entered.